BARTHOLOMEW HEALEY vs. THE CITY OF NEW HAVEN.

A statute was in force from January 1st, 1875, to June 24th of the same year, when it was repealed, which provided that when any owner of land adjoining a highway should sustain damage to his property by a change of grade by the town, city or borough, the corporation should be liable to pay him the amount of the damage, the same to be ascertained in the same manner as upon the laying out of highways. Shortly before the act came into force the common council of a city ordered a change of grade on a street on which the plaintiff owned property. Before the work was commenced he petitioned the council to annul the order; the petition was referred to the road commissioners, and the case opened for a re-hearing before them; after a hearing the commissioners recommended that the order be affirmed, and it was afterwards affirmed by the council and the work commenced. The petition was made, the case re-heard, and the final action of the council had, while the statute was in force. The plaintiff had under the city charter a right of appeal from the order of the council to the Superior Court, but did not avail himself of it because of the provision of the statute for his compensation. After the repeal, the city refusing to take any steps for ascertaining his damage under the statute, he brought an action at law for damage. Held—

1.  That the rights of the parties were determined by the law as it existed when the change of grade was undertaken or entered upon, it being the presumption that they acted in view of the law, respectively accepting the privileges which it conferred and the liabilities which it imposed.

2.  That the work was to be regarded as undertaken when the final order of the common council was made.

3.  That the ascertainment of the damages in the mode provided by the statute, was a proceeding for the city to take advantage of if it desired, and that, having taken no steps for the purpose, it could not be heard to claim that the plaintiff could recover compensation only through such a proceeding.

4.  That the plaintiff could recover his damages in an action at law.

The plaintiff claimed that the city officials at the time when he could have appealed from the final order, stated to him that he was entitled to damages under the statute and promised that they should be paid by the city. Held that they were not agents of the city for the purpose of making any representations or promises on the subject, and that the city could not be affected by their acts in that respect.

Where matters are alleged in a declaration and traversed, evidence is admissible to prove them, even though the allegations would have been held insufficient on demurrer.

CIVIL ACTION, to recover damages for the alteration of the grade of a city street; brought to the Superior Court and

tried to the court, upon a general denial, before *Hovey, J.* Judgment for the defendant, and motion for a new trial by the plaintiff. The case is sufficiently stated in the opinion.

*D. R. Wright* and *L. E. Munson,* in support of the motion.

1. The city had the right, and it was its duty under the charter, to grant relief, by providing full compensation for the injury. City Charter, secs. 16, 27, 28, 29. The statute law of the state clothed the city with full power to make compensation, if its charter powers were doubtful. Gen. Statutes, p. 236, sec. 31. The failure of the city to have the damages ascertained, and to provide the means to pay the same, was an omission of duty which renders it liable.

2. The repeal of the statute did not affect the rights of the plaintiff that had vested under it. Whatever rights he had during its life, he now has, regardless of its repeal. They are vested rights. " The right of the owner to damages is determined by the law in force at the time of the entry upon the public improvement, and cannot be affected by subsequent legislation." *City of Elgin* v. *Eaton,* 83 Ill., 535. See also *Healey* v. *City of New Haven,* 47 Conn., 305.

3. The city, through its board of road commissioners and other city officials, while the law was in force upon our statute book, having promised compensation to the petitioner if he would acquiesce and let the work go on, is estopped from interposing a defence inconsistent with those promises and assurances, after he had acquiesced and relied in good faith upon them and allowed the work to go on. *Pence* v. *Arbuckle,* 22 Minn., 417; *Continental Bank* v. *Bank of Commonwealth,* 50 N. York, 575; *Blair* v. *Wait,* 69 id., 113; *Kinney* v. *Farnsworth,* 17 Conn., 361. The plaintiff relying in good faith upon the assurances of compensation given him by the city officials, in connection with the statute law then in force, was justified in not taking an appeal from the orders of the common council changing the grade of the street, and should not be prejudiced by such omission.

4. The acts and declarations of agents of corporations are admissible against them. *Toll Bridge Co.* v. *Betsworth*, 30 Conn., 380; *Goodwin* v. *U. S. Ann. & Life Ins. Co.*, 24 id., 601. Officers or agents of municipal corporations, representing and acting on their behalf bind the corporations by their acts and declarations. *Mitchell* v. *City of Rockland*, 41 Maine, 365; *Glidden* v. *Town of Unity*, 33 N. Hamp., 577; *Smith* v. *Prop. of Lowell Cong. Meeting House*, 8 Pick., 178. Parol evidence of acts and declarations of town officers has always been received in this state. *Hine* v. *Stephens*, 33 Conn., 497; *Hoyle* v. *Town of Putnam*, 46 id., 56. This court, in *Healey* v. *City of New Haven*, 47 Conn., 315, substantially admits the admissibility of all the evidence necessary for the case. We rest this case within the fair intendment and meaning of that decision, and if we cannot stand within it, supported by other authorities upon the brief, then we go to the wall, with the declaration of this court that " there is a great wrong without a remedy."

*H. Stoddard*, contra.

1. It is conceded that there is no common law liability for this change of grade, and no common law right in the plaintiff resulting therefrom. *Healey* v. *City of New Haven*, 47 Conn., 305; *Transportation Co.* v. *Chicago*, 99 U. S. Reps., 641; 2 Dillon Mun. Corp., (3d ed.) § 990, note 1. To take his case out of the operation of this rule, the plaintiff alleges that a certain statute affects it, and that he has rights growing out of the action of the board of road commissioners.

2. The road commissioners had no power to bind the city by any vote, contract, or representation with regard to the matter. The matter of compensation to the plaintiff was not within their jurisdiction; it belonged to the common council and the board of compensation. City Charter, sec. 27. Nor could a representation as to what the law was, made by them or any other city official, affect the city. *Upton* v. *Tribelcock*, 91 U. S. Reps., 50; *Starr* v. *Bennett*, 5

Hill, 303; *Lewis* v. *Jones*, 4 Barn. & Cress., 506; *Rashdall* v. *Ford*, L. Reps., 2 Eq., 750. It is absurd to suppose that the city of New Haven guaranteed that a statute would not be repealed. The court below properly ruled out the parol evidence offered of the promises and representations of the commissioners.

3. No act was done while the statute allowing damages for change of grade was in force. The common council ordered this change August 14th, 1874, and that order was complied with by the board of road commissioners, September 24th, 1874. The grade was then fixed and has never been changed. How can the fact that another hearing was given the parties in the spring of 1875 affect the matter? The statute allowing damages was repealed June 24th, 1875, and the work of grading was not commenced until August 2d, 1875. All that is claimed to have been done while the statute was in force, was to give the parties another hearing, and a vote "*re-affirming*" the order of September 24th, 1874. That order never was rescinded or modified; its execution was simply delayed. It is true that an order was made on the 10th of June, 1875, re-affirming the former order, but that re-affirming order was not necessary.

4. But if the plaintiff has any rights under the repealed statute, he must pursue the remedy given by that statute. The statute provides that the damages to be awarded under it "shall be ascertained in the manner provided for ascertaining damages done by laying out highways." That mode was an assessment, first by the board of compensation and then by the Superior Court on appeal. City Charter, secs. 27, 30. "The remedy, therefore, for a consequential injury, resulting from the state's action through its agents, if there be any, must be that, and that only, which the legislature shall give. It does not exist at common law." *Transportation Co.* v. *Chicago*, 99 U. S. Reps., 641. See also *Hovey* v. *Mayo*, 43 Maine, 332; 2 Dillon Mun. Corp., (3d ed.) 686.

5. It is no answer to say that the authorities have not

acted in the matter, even if the plaintiff has a vested right to have his damages assessed. (1st.) It does not appear that they have admitted or refused to act. (2d.) If they have, mandamus will lie to compel them if the right exists, and that is the exclusive remedy. 2 Dillon Mun. Corp., (3d ed.) §§ 831, 993; *Reock* v. *Mayor &c. of Newark*, 33 N. Jer. Law, 129.

6. The plaintiff's right to an assessment of damages resulting from the change of grade, having been created wholly by statute, fell with its repeal. Cooley's Const. Lim., 384.

CARPENTER, J.—The plaintiff claims to have suffered damage in consequence of a change in the grade of the street on which his property is situated. The law of this state is so that he has no remedy unless the peculiar circumstances of the case make it an exception to the rule.

The case shows that the common council in August, 1874, ordered the change of grade; pursuant to which order the board of road commissioners soon after established the grade. In March following the plaintiff petitioned the common council to annul the order; and on that petition the case was opened for a re-hearing before the road commissioners. The result is not expressly stated; but from the statement of facts as claimed by the plaintiff, and which he offered to prove, it appears that the order fixing the grade was affirmed and that the improvement was subsequently made.

The seventh and eighth paragraphs of the plaintiff's complaint are as follows:—

" 7. That at the time said grade was established by said city under said order of 1874, to wit in June, 1875, and in the months of April and May, 1875, said city, by its mayor, corporation counsel, board of road commissioners, and other officials of said city, represented, promised and assured the complainant that if he would not appeal from said order changing said grade, or otherwise oppose the execution of the same, but allow the work to go on, he

should be fully compensated in money by said city for all the damages he would sustain by reason of the changing of said grade; that said promises and representations were made, and said assurances given, in view of a public statute of the state allowing such compensation to be made; that said promises and assurances were made and given while said statute law was in force, and before and while said work by said city was being done upon said street under and by virtue of said order.

" 8. That the complainant, believing in the truth of and relying in good faith upon said promises, assurances and representations by said city officials, and having satisfied himself of the existence of said statute allowing compensation to be made, neglected to take an appeal from the order establishing said grade, as he otherwise would have done but for said statute and said promises and assurances to him made as aforesaid."

Evidence to prove these allegations was offered by the plaintiff, and on objection was excluded by the court.

These allegations were pertinent and were a material part of the plaintiff's case as he presented it. The rejection of the evidence was directly in conflict with the decision of this court in *Adams* v. *Way*, 32 Conn., 160. A new trial must be advised unless the court can see clearly that the allegations if proved, would not, in connection with the admitted and proved facts in the case, give the plaintiff a good cause of action.

From January 1st to June 24th, 1875, the following statute was in force: "When any owner of land adjoining a highway, or of any interest in such land, shall sustain damage to his property by reason of any change of the grade of such highway by the town, city or borough in which such highway may be situated, such town, city or borough shall be liable to pay to him the amount of such damage, to be ascertained in the manner provided for ascertaining damages done by laying out or altering highways therein." Gen. Statutes, p. 236, sec. 31. This statute, however, was not in force when the improvement was first ordered, nor when the work was done.

We think the law is so that the statute as it existed when the improvement was undertaken or entered upon, must determine the rights of the parties. The presumption is that it was undertaken in view of the statute, the parties respectively accepting the privileges which it conferred and the liabilities which it imposed. *Eaton* v. *City of Elgin*, 83 Ill., 535; *Healey* v. *City of New Haven*, 47 Conn., 305. A contrary rule might operate as a trap. This case is a good illustration. The plaintiff claims that he ceased opposition for the reason that the statute gave him damages, whereas if the law had been otherwise he might have resisted successfully. If now a subsequent repeal of the statute is to deprive him of his remedy, it might operate very unjustly.

The question then recurs, when was this improvement entered upon? Was it when the common council first ordered it, or when that order was affirmed?

The change of grade was ordered September 24th, 1874. If the work had been done under that order without any intervening action by the common council or the board of road commissioners, the improvement would have dated from that day. But in March following, before anything had been done under the order, when the statute was in force, and while the common council had the whole matter in its control, the plaintiff's petition to revoke the order was referred to the board of road commissioners for a hearing. The effect of that reference was to suspend the operations of the order. For the time being it was practically annulled, and it was an open question whether the grade should be changed, until final action on that petition. Such action was had on the 10th of June, when the order of September 24th was affirmed. The affirming vote revived the operation of the order and set the work in motion. That vote was passed while the statute was in force. They considered the question of changing the grade in view of its provisions, and determined to make the change. They thereby assumed all the burdens which the statute imposed. Whatever may have been the form of the vote, it was equivalent in its effect to an order of that date to change the grade.

The case was argued to some extent upon the theory that the liability of the city was on the ground of promises made by the city officials. But the motion shows that the plaintiff did not offer to prove any express promise to pay the damages; it was only an assurance that the law was so that he would be entitled to have damages assessed. We are satisfied that the city cannot be held liable on that ground. A knowledge of the law was open to both parties. An expression of opinion as to what the law was by the city authorities could raise no liability. Even an express promise would not, for they were agents of the city only in a qualified sense; their agency was confined strictly to their official duties; and it was no part of their duty to create a liability by promises or otherwise. The law, and not the assurances given, imposed the liability.

The assurances were unimportant, except as they tended to show that both parties proceeded in view of the statute, and with the expectation that damages would be paid; and that affects only the equities of the case. The 31st section of the charter (Special Laws, vol. 6, p. 487,) gives the plaintiff a right of appeal from any order of the common council or of the board of road commissioners changing the grade of the street. Now if he refrained from appealing from the order of June 10th, 1875, on the ground that the law gave him damages, the equities of the case are certainly pretty strong; not that those equities would of themselves, independently of the statute, give a right of action, but being founded on the statute, they should incline the court to give his claims a favorable consideration. And they afford an additional reason why the repeal of the statute should not affect this case.

A question is made whether the defendant is liable in this form of action. The statute in terms makes the city liable for the damages, " to be ascertained in the manner provided for ascertaining damages done by laying out or altering highways therein." The defendant contends that when a statute creates a right and gives a remedy, that remedy alone must be resorted to. The principle invoked

is more especially applicable to cases where the statute makes an act lawful in itself unlawful; but it is not applicable to this case, for the reason that the statute gives the plaintiff no remedy. It simply points out a method by which the city may ascertain the amount of damages. The charter (Special Laws, vol. 6, p. 486, sec. 28,) provides that damages in cases of laying out or altering highways shall be assessed by the board of compensation or by the common council. Section 30 provides that the sum assessed shall be paid to the landowner, or, if he refuses to receive it, shall be deposited for him in the city treasury. In all this the city must clearly take the initiative; it is its duty to move in the matter. Now, suppose it does move, and having ascertained the damages, refuses to pay. What remedy has the plaintiff? The statutes being silent, the law supplies the remedy. There is certainly no occasion to resort to a mandamus, for nothing remains to be done but to pay the money. But suppose the city refuses to have the damages assessed, as in this case. What then is the remedy? The defendant answers, a mandamus. Not necessarily. That writ lies only when there is no other remedy. We think an action for the damages is a more direct, more complete, and less expensive remedy. The proceeding by assessment is not a remedy for the plaintiff. He cannot institute it nor control it; and if instituted by the city he cannot compel its continuance. It was in no sense designed for his benefit, but is rather in the nature of a proceeding against him, or against his property *in rem*. The constitution prohibits the taking of private property for public use without compensation. It being necessary to take private lands for highways, this proceeding was designed as an expeditious and inexpensive method of ascertaining the damages to be paid. The theory is that the damages shall be ascertained and paid before the land is taken. But the city cannot escape responsibility by omitting this proceeding and taking the land in the first instance. Should it attempt to do so, it would be no answer to a suit that the statute makes provision for ascertaining

the damages. In such a case the plaintiff would hardly be required to resort to a mandamus.

The statute provides the same remedy for both cases— the original taking of the land, and the subsequent damage to the adjoining land by changing the grade, not for the land-owner, but for the party taking the land or doing the damage. The cases are analogous, the only difference being that in Connecticut the damages in the latter case, in the absence of a statute to the contrary, are presumed to have been estimated and paid when the land was originally taken. The cases are so nearly alike that the same principle should apply to both.

The city may and should resort to the statutory mode of assessing damages in all instances, and its failure to do so will be no defense. If it takes land or makes improvements, thereby causing damage where damages are provided for, without complying with the statute, its proceedings are unlawful. It cannot with good grace turn the plaintiff out of court and say to him, you ought to have resorted to a mandamus to compel us to do our duty.

If a recovery in this action results injuriously to the city it is not through any fault of the plaintiff. But it is not certain that it need be so. There is no difficulty in estimating damages, deducting the benefits; and we do not now see that this suit will of itself prevent the city from asessing damages and benefits in respect to other parties.

Of course the city cannot be deprived of its right to resort to the statutory proceeding without its consent; but having waived that right, as it has in this case, it cannot complain of an ordinary action at law.

A new trial is advised.

In this opinion the other judges concurred.