LUCIUS B. HINMAN AND ANOTHER, ADMINISTRATORS, *vs.* ALFRED GOODYEAR AND OTHERS.

New Haven Co., Dec. T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

The act of 1849 (Rev. of 1866, p. 732, sec. 3,) forbade the taking of a higher rate of interest than six per cent., made void the contract for the whole interest where more was taken, and provided that in any suit upon the contract the defendant might set off the entire interest paid against the principal of the debt. The act of 1872 (Session Laws, 1872, ch. 97,) validated all contracts for the payment of more than six per cent. The act of 1873 (Session Laws, 1873, ch. 87,) repealed the act of 1872 and

made further regulations with regard to interest. The defendant had made certain notes in 1861, in which the rate of interest was not stated, but from time to time, as the interest fell due, the plaintiff, who held the notes, had demanded and the defendant had consented to pay, twelve per cent. Held—

1. That as there was no contract for the payment of future interest at a higher rate than six per cent., the validating act of 1872 could not operate upon the notes to establish such higher rate for the future.

2. But that as the higher rate had been paid under an agreement of the parties made on each occasion of payment and with reference only to such payments, the payments already made were validated.

3. That the legislature had power by the validating act of 1872 to take from the defendant the right he had under the act of 1849 to have the payments of interest applied to the principal of the debt.

4. That this right was not restored by the repeal of that act.

[Argued December 9th, 1887—decided April 9th, 1888.]

Suit for the foreclosure of a mortgage ; brought to the Superior Court in New Haven County. Answer, demurrer to answer, and reservation for advice. The case is fully stated in the opinion.

*W. B. Stoddard* and *S. C. Loomis*, for the plaintiffs.

*L. E. Munson*, for the defendants.

Beardsley, J. The plaintiffs, administrators upon the estate of Alfred D. Goodyear, desire, by complaint dated June 18th, 1887, to foreclose the mortgage security given by the defendant, Alfred Goodyear, for the payment of several promissory notes, two of which, each for the sum of $631.55 and dated July 26th, 1861, were payable to John Finney, and were by him assigned to the intestate. Two other of the notes are described in the defendants' answer. The plaintiffs also allege in their complaint that the defendant Goodyear gave to the intestate another note dated September 25th, 1883, for the sum of $1,941, for the payment of interest then due upon the other four notes. The answer is as follows :—

The defendant Goodyear admits giving to John Finney, July 12th, 1861, his two promissory notes, each for $631.55,

and a mortgage as set forth in the first count of the complaint. Also giving to said A. D. Goodyear, February 14th, 1861, his note for $2,000, and a mortgage as set forth in the second count of the complaint, and that he paid thereon, July 3d, 1861, $1,000 as therein specified, and he denies that there is anything now due from him thereon, said note having been fully paid by payments of usurious interest as hereinafter stated. He also admits giving to said A. D. Goodyear, August 11th, 1871, the note for $1,000 and a mortgage as in the third count of the complaint specified, but claims that there is nothing due from him thereon or by reason thereof, said note having been fully paid by payments of usurious interest as hereinafter stated.

And the defendant Goodyear for more specific answer to the claims of the plaintiffs in the complaint set forth, hereby alleges—

1. That on January 23d, 1865, said A. D. Goodyear became the owner of said Finney notes, and that immediately thereafter he exacted of the defendant for forbearance twelve per cent. interest per annum thereon, which the defendant paid to said Goodyear from July, 1864, to July 26th, 1873.

2. That on the notes mentioned in the second and third counts of the complaint, said Goodyear demanded of this defendant for forbearance twelve per cent. interest per annum thereon, which the defendant paid from their respective dates up to July 26th, 1873.

3. That said payments were made in cash at the rate of twelve per cent. per annum, as interest on said notes, to the amount of $2,218.22, which sums were received by said Goodyear for interest at said rate up to July 26th, 1873.

4. That upon each and all notes mentioned in the first, second and third counts of the complaint this defendant paid to said A. D. Goodyear, upon his demand for forbearance, interest thereon at the rate of eight per cent. per annum, from July 26th, 1873, to January 8th, 1883; said payments being made in cash to the amount of $1,392, which was received by said Goodyear as interest at said rate, as

follows, viz.: $200 in January, 1876, $692 in January, 1880, and $500 in January, 1883.

5. That the note for $1,941 mentioned in the third count in the complaint, was given for usurious interest compounded under the rates above named, and was and is without consideration and void.

This defendant asks—1st. That all of said payments above stated be applied to the payment of the principal of said mortgage notes, and that the decree of the court be only for the balance, if any, that may be found due after deducting said payments from the face value of said notes. 2d. If it be found that said notes have been fully paid as aforesaid, then the defendant asks that said complaint be dismissed and that he recover his costs.

The plaintiffs demurred to the answer. The questions arising in the case are reserved for the advice of this court.

No claim is made by the plaintiff upon the note for $1,941, given for interest. It is therefore laid out of the consideration of the case.

The statute of 1849, regulating the rate of interest, was in force when the notes in question were made, and by its provisions the twelve per cent. interest paid up to 1873 would be applicable to the payment of the principal sum due by them, were it not for the statute of 1872. Pub. Acts of 1872, ch. 97.

By that act it is provided that all payments and contracts for the payment of interest at the rate of more than six per cent. are validated and confirmed. This act of 1872 was repealed in 1873. Public Acts of 1872, ch. 87.

It does not appear by the record that there was, when the act of 1872 went into effect, any contract between the parties for the payment in the future of interest at a greater rate than six per cent. There was therefore nothing connected with the notes in question for that statute to operate upon, except the payments of usurious interest already made.

The defendant claims, first, that the legislature had not the power to deprive him of his prior right under the statute of 1849 to have such payments applied to the principal

of the notes, and, second, if it had such power, that by the repeal of the act of 1872, the operation of the law of 1849 was revived, and he was restored to the right of which he had been temporarily deprived. These questions were decided adversely to the claims of the defendant in the case of *First Ecclesiastical Society* v. *Loomis*, 42 Conn., 576. In that case the defendant had in the year 1869, when the statute of 1849 was in force, given his note to the plaintiff payable with seven and three tenths per cent. interest, and the court held that by the confirming act of 1872 a legal obligation to pay the usurious interest from the date of the note was created, which was not affected by the repeal of that act. The act applies equally to contracts to pay and payments of usurious interest, and it is obvious that the legislature had the same power to validate one as the other.

The defendant cites the case of *Healey* v. *City of New Haven*, 49 Conn., 394, as being opposed to this case. In that case no question arose as to the power of the legislature to legalize an invalid contract, but the only point decided which had any application to the present case was, that the plaintiff, having acquired under a statute a right to damages by reason of a change of the grade of a highway, did not lose such right by the repeal of the statute. This case, so far from being an authority for the defendant, is, so far as it goes, in full accord with the case of *First Eccl. Society* v. *Loomis*.

That case, unless we are to overrule it, which we are not prepared to do, must control the decision of the present one as to the effect of the payments of twelve per cent. interest up to the time when the act of 1872 went into effect.

It appears by the answer that the defendant continued the payment of twelve per cent. interest until the 26th of July, 1873, and that thereafter, and until the 8th of January, 1883, he made payments of interest at the rate of eight per cent. The act of 1872 to which we have referred did not of course affect any payments of interest made after it went into operation, but another act passed in 1872 provided that the rate of interest should be six per cent. in the ab-

Hinman *v.* Goodyear.

sence of any agreement by the parties upon a different rate, but also provided that it should be lawful for them to contract for a higher rate, but that no recovery should be had under such contract for a higher rate than six per cent. unless it was in writing. Public Acts of 1872, ch. 16.

The twelve per cent. payment which was made after the confirming act of 1872, and the act which we have just cited took effect, and the payments of eight per cent. which were made between July, 1873, and January, 1883, were therefore made under agreements which were valid at the time. The contract was not in writing, and for that reason the plaintiff would have been remediless if the defendant had refused to pay the higher rate of interest, but he had a right to make the payments if he saw fit and the plaintiff had a right to avail himself of them.

The plaintiff is entitled to recover the principal sum due by each of the notes and unpaid interest, if any, at the rate of six per cent. to the time when the act of 1874, changing the rate of interest to seven per cent., went into effect, (Public Acts of 1874, ch. 108.) and after that to recover interest at the rate of seven per cent. to the time when the act of 1877 restoring the rate of interest to six per cent. went into effect, and after that at the rate of six per cent. Public Acts of 1877, ch. 151.

The last mentioned act provides that it shall not affect any contract theretofore entered into, but at the time of its enactment there was no contract between the parties for the payment of a higher rate than six per cent.

In this opinion the other judges concurred.