The Connecticut Light and Power Company *vs.*
Charles J. McCarthy et als.

Third Judicial District, New Haven, June Term, 1920.
Prentice, C. J., Wheeler, Beach, Gager and Case, Js.

A petitioner seeking to condemn lands which would necessarily be flooded by the erection and maintenance of its dam, is not bound, in order to confer jurisdiction upon the tribunal, to incorporate in its petition another separate and distinct tract owned by one of the respondents, which would not be flooded, merely because its owner insists that such tract will suffer consequential damage from the proposed taking and flooding.

A clause of its charter (14 Special Laws, p. 860, Special Acts of 1919, p. 107) empowered the petitioner to enter upon, take and use all such lands as might be necessary or convenient for it to use in the erection of its dam and the setting back of water caused thereby; required it to pay all damages that might arise to any person or persons, and in case of disagreement authorized the petitioner to apply for the appointment of a committee to assess the amount. *Held* that while this language permitted an application for the

appointment of a committee to assess all damages, direct and consequential, it did not compel the petitioner to join, in a single petition, claims so distinct in their character as those relating to the taking of property and those for consequential or incidental damages to another separate tract; nor did the failure of the petitioner to join such claims afford any ground of defense or any reason for the dismissal of the petition.

An assessment of damages for land actually taken and flooded, does not bar the owner of a separate tract which is not taken, from thereafter recovering consequential damages to that tract, if any such there be; and therefore leaves him no basis for his contention that unless he is awarded consequential damages in this proceeding he is deprived of his property without compensation.

Grounds of appeal not pursued upon the brief will be presumed to have been abandoned.

Argued June 2d—decided August 5th, 1920.

PETITION for the appointment of a committee to assess the damages to be paid by the petitioner for the right to flood with water certain described lands of the respective respondents, brought to and heard by the *Hon. Donald T. Warner,* a judge of the Superior Court; facts found and judgment rendered for the petitioner, from which the respondent McCarthy appealed. *No error.*

*Henry Stoddard* and *J. Dwight Dana,* for the appellant (respondent McCarthy).

*Walter E. Monagan,* with whom was *Terrence F. Carmody,* for the appellee (petitioner).

GAGER, J.   The Connecticut Light and Power Company, petitioner, under the provisions of its charter, brought this petition to a judge of the Superior Court for the appointment of a committee to assess damages for the taking of certain tracts of land which would be flooded as a result of the construction of its dam near Zoar Bridge on the Housatonic River.

One of the pieces of land referred to in the petition,

belonged to the respondent McCarthy, appellant, and is described as a lot fronting on the River Road in the town of Oxford, forty-five feet, and extending back from the road one hundred feet, being forty-five feet in the rear. The boundaries are also set out in the petition. After an intermediate demurrer and consequent amendments, the respondent McCarthy filed an answer consisting of two defenses. The first defense was substantially a denial and is not in controversy. For a second defense the respondent alleged that he owned a certain other forty-acre tract of land not fronting on the River Road or in any way connected with the tract described in the petition, but connected with the River Road by a right of way over land of third parties; that this road and way therefrom constituted the only means of access to the forty-acre tract; that the petitioner claimed to have the right to flood and discontinue the River Road; that the erection of the dam and the flooding of the road would damage the forty-acre tract by destroying the only means of access to it; that it was not proposed to construct any other road as a substitute for the River Road; and that the petitioner declined and refused to permit the damage so caused to the forty-acre tract to be assessed in this proceeding, and therefore he asked that the petition be dismissed. The judge struck out this second defense as immaterial and irrelevant.

The important reasons of appeal, stated in various ways, arise from this action of the judge in striking out the second defense and in refusing to hear any evidence thereon. The petitioner makes no claim based on the method by which the question is raised, but has argued it upon the merits; and we will take the same course. The respondent claims that the petition as to him at least is invalid, because it does not cover all damages which he may sustain by reason of the con-

struction of the dam and the flooding and discontinuance of the River Road, authorized by the petitioner's charter. In other words, the respondent says: "You cannot in this action assess the value of land flooded, because you have not asked for the assessment of consequential and incidental damages to other and disconnected land caused, not by the taking of such land, but by the flooding and discontinuance of the River Road."

It is conceded that the petition is brought under § 6 of the charter of the Rocky River Power Company (14 Special Acts, p. 860), incorporated in and made part of the charter of the petitioner. Special Acts of 1919, p. 107. The material part of this section reads as follows: "Sec. 6. Said company shall have power to enter upon, take, and use all such lands, real estate, and privileges as may be necessary or convenient for it to enter upon and to use in the erection of said dam or dams, and the setting back of water caused thereby, . . . and in developing and utilizing the power of said river, and in the diversion of the waters thereof, and in the alteration in the course of the roads, ways, and highways; and the said company shall be held to pay all damages that may arise to any person or persons; and if the person or persons to whom damages may so arise, and said company, cannot agree as to the amount of such damages, said company may, after ten days' written notice to the adverse party, apply to the Superior Court of the county in which the real estate or other property to be taken or damaged may be situated, or to any judge of the Superior Court; and thereupon said court or judge shall appoint three disinterested citizens of this State as a committee to assess the amount of such damages . . . and said committee shall assess just damages to the person or persons whose real estate or other property has been taken or injured."

The petition was brought to determine the value of five different tracts of land owned severally by different parties, one of whom was this respondent McCarthy, and it was alleged as to all of these tracts that the dam when built would flood them with water, and that such flooding was necessary for the construction of the petitioner's dam. No question of consequential damages to the property of any person, caused by the flooding and discontinuance of the River Road, is suggested in the petition. It is for the taking of specific land in the strictest sense, and for the ascertainment of its value. The forty-acre tract of the respondent is not mentioned, because it is not proposed to be taken. Whatever rights the respondent, as owner of this tract, has or may have by way of consequential damages to this forty-acre tract, due to some other act of the petitioner than the taking of the tracts of land described, can in no way be affected by the taking of this land described in the petition. The ground of the liability under the petition is not for damage to lands not taken, nor, indeed, damage considered as an injury to such lands as are taken, but for the whole value of the land. This question of value of entire tracts of land is entirely separable and distinct from that of consequential damage which may arise from the flooding of a highway, as to which there may well be question not only as to the amount, but whether there is any such right at all. Consequential damages are indefinite, uncertain, and involve questions quite foreign to the determination of the value of specific tracts of land the boundaries of which are fixed and determined. The exact question here is not, as seems to be claimed by the respondent, whether the petitioner may select one tract of land for condemnation and omit another the flooding of which is equally certain and the extent of which is equally ascertainable. It is not

claimed that any tract of land to be taken has been omitted, and we do not need to discuss this question. Nor is the question one of the liability of the petitioner for consequential damages to the forty-acre tract of the respondent. That, as stated above, is left untouched.

The real question raised by this defense, or attempted to be raised, is whether the petitioner, in order to settle the amounts it must pay for lands confessedly taken in their entirety, is, in order to give the tribunal jurisdiction, obliged to incorporate in its petition allegations of claims by any of the respondents for damages consequential upon the construction of the dam and not arising out of the taking of the very lands described. We neither know, nor have we been referred to, any rule of law requiring this to be done, unless, as is claimed by the respondent, such requirement is contained in the section of the charter above quoted.

The distinction between the taking of property in the constitutional sense, and consequential damages, is well recognized by this court. Perhaps the leading case upon that question is *Bradley* v. *New York & N. H. R. Co.*, 21 Conn. 294. The provision in the charter of the railroad company was quite similar to that in the petitioner's charter. It declared "that said company shall be holden to pay all damages that may arise to any person or persons," or that if the company could not agree as to the amount, it should be its duty to apply for the appointment of a committee to "assess just damages to the person or persons whose real estate may be taken or injured." The plaintiff's land was not situated within the limits of the railroad right of way, but he claimed that his land, which adjoined the railroad company's land, had been damaged in several ways by the construction of the road, and brought an action on the case to recover for such dam-

age. The opinion is very elaborate, as the questions raised were then new. We make a quotation from the opinion as relevant to the distinction between taking land, and damaging land not taken. "We are of opinion, that the acts of the defendants, as disclosed in the pleadings in this case, do not constitute a taking by them of the property of the plaintiff, within the meaning of that term as used in the provision of our Constitution which has been adverted to. Nor do we see any reason for believing, that any other meaning was intended to be attached to it, in the charter of the defendants. It would clearly apply to land on which the railroad was located, or which was used for the purpose of cuttings and embankments, or of turn-outs, or of obtaining stone and gravel, as provided for in the first section; because, in these cases, the owner would be deprived of his property, and it would be directly appropriated, by the defendants, to their own use. The damage alleged to have been sustained, by the plaintiff, is not, however, of that description. He does not complain that his property has been taken from him, or appropriated to the use of the defendants; but that his enjoyment of it is materially and injuriously impaired by their acts. He retains his land, but its value is diminished by those acts. The damage he receives is not of a direct or immediate, but of a consequential or incidental character. For such damage, although it does not amount to a technical taking of his property, we are of opinion that it was the intention of the legislature to provide, that he should receive compensation from the defendants, by that clause in their charter which provides that they 'shall pay all damages that may arise to any person or persons.'"

In *Nicholson* v. *New York & N. H. R. Co.*, 22 Conn. 74, the defendant had, pursuant to its charter, constructed an approach to an overhead highway bridge.

The plaintiff brought trespass for the damage to his land adjoining the highway. The head-note reads: "That although the plaintiff might recover on a count in trespass, for any appreciable, incidental damages, occasioned by the acts complained of, the defendants were not liable, of course, and as *prima facie* trespassers, and that it was a question for the jury to decide, whether the plaintiff had sustained any such damages thereby, or had not." The court, citing *Bradley* v. *New York & N. H. R. Co.*, 21 Conn. 294, said the acts did not constitute a taking, but the company was liable for the consequential injury to land not taken. *Burritt* v. *New Haven*, 42 Conn. 174, is to the same effect.

*Healey* v. *New Haven*, 49 Conn. 394, was a case of damages for change of grade. The statute provided that damages were "to be ascertained in the manner provided for ascertaining damages done by laying out or altering highways therein." The defendant there contended that because the statute gave a remedy, that remedy alone must be resorted to. The city had not resorted to this remedy, and the plaintiff brought a civil action to recover damages for the change of grade. Commenting upon this situation the court said: "Suppose the city refuses to have the damages assessed, as in this case. What then is the remedy? The defendant answers, a mandamus. Not necessarily. That writ lies only when there is no other remedy. We think an action for the damages is a more direct, more complete, and less expensive remedy. The proceeding by assessment is not a remedy for the plaintiff. He cannot institute it nor control it; and if instituted by the city he cannot compel its continuance. It was in no sense designed for his benefit, but is rather in the nature of a proceeding against him, or against his property *in rem*, The Constitution prohibits the tak-

ing of private property for public use without compensation. It being necessary to take private lands for highways, this proceeding was designed as an expeditious and inexpensive method of ascertaining the damages to be paid. The theory is that the damages shall be ascertained and paid before the land is taken. But the city cannot escape responsibility by omitting this proceeding and taking the land in the first instance." *Holley* v. *Torrington,* 63 Conn. 426, 28 Atl. 613, was another case of damages from change of grade. The same question arose as in *Healey* v. *New Haven,* 49 Conn. 394, and a portion of the opinion in the latter case, including that which is quoted above, was cited with approval as sustaining the right of the plaintiff to bring a civil action to recover damages. *Cullen* v. *New York, N. H. & H. R. Co.,* 66 Conn. 211, 33 Atl. 910, was an action to recover damages for the closing of a highway upon the order of the railroad commissioners, and in the opinion *Bradley* v. *New York & N. H. R. Co.,* 21 Conn. 294, was cited with approval of the statements we have quoted above.

The respondent argues that the language of the plaintiff's charter requires that damage from a taking of land within the constitutional sense, as referred to in the *Bradley* case above cited, and damages done from injury, consequential or incidental damages, to property not taken, must all be assessed and determined in one proceeding, and that any proceeding by the petitioner which does not include them all is void. This appears to be his vital claim. We do not think this is a necessary or a reasonable construction of the Act. It is quite true that the Act permits the petitioner to bring proceedings for the appointment of a committee to assess all damages that may arise to any person or persons. The language is permissive. The petition, as we have seen in *Healey* v. *New Haven,* 49 Conn. 394,

is not in any way under the control of the respondent. The words "all damages," we think, are directed to an all-inclusive enumeration of the kinds of damage for which the petitioner may be liable as arising from a construction of its dam, and we think that it has nothing to do with the determination of what must be included in any petition that may be brought under the terms of the charter. In Lewis on Eminent Domain (3d Ed., Vol. 2) page 1071, it is said: "The courts cannot dictate the order in which the petitioner shall proceed to acquire property or rights." It is certainly in line with this statement to hold that the courts cannot compel the petitioner to join, in a single petition, claims so completely distinct in their character as those relating to the taking of property and those for consequential or incidental damages. We may also refer to Nichols on Eminent Domain (2d Ed.) § 214, note 75, and § 399, upon the difference between taking land and consequential damages.

In the present case the charter provides that the petitioner may institute proceedings as to real estate or other property proposed to be taken or damaged. As to what that property is, the petitioner must necessarily be guided by its judgment. If it attempts to take any property omitted, it may be met by an injunction or an action for damages; or if anything has been omitted inadvertently it may bring a further petition. It would be a manifest hardship to compel the petitioner to anticipate all claims for consequential injuries and affirmatively allege such claims and demands, however much it might question their validity, under penalty of having the whole proceeding thrown out should some unanticipated or unacknowledged claim be presented by way of defense. Yet that is just what is attempted to be done in the present case. The second defense is pleaded strictly as a defense, con-

cluding with the request that the petition be dismissed. That is the burden of the respondent's argument. It is an attempt to block the proceeding or force the petitioner to affirmatively allege a claim it may believe to be unfounded. We think it is not only not required by the terms of the charter, but that it is extremely undesirable to allow any such defense to prevent obtaining the relief clearly demandable, because some different and possibly unfounded claim is not included in the petition. We think the second defense was properly struck out.

Perhaps we ought to say here that we have considered carefully the respondent's claims that if this petition is allowed it will result in depriving him of property without compensation. The question raised is not one of whether the respondent has any valid claim for consequential damages or not, and we do not think that any such dire consequences as the respondent discusses can possibly follow from this decision. We admit, as claimed, that the petitioner's powers are derived from its charter, and its liability to pay all damages as stated in the charter, but we do not think this involves the allowance of the claim that consequential damages to other tracts of land not taken and not adjoining the land taken as described in the petition, shall necessarily be assessed in this proceeding; nor do we admit that by refusing to have assessed in this proceeding respondent's damages not arising out of or connected with the taking of the land described in the petition, there is a taking of respondent's property without just compensation. All such claims, if there are any, are entirely unaffected by this proceeding. As to the respondent McCarthy, but one thing is adjudicated, which is the value of the tract of land fronting on the River Road as described in the petition.

With the disappearance of the second defense all

grounds of appeal based upon claimed errors of the judge in refusing to hear evidence as to the discontinuance of the River Road, as to damages to the forty-acre tract, and in holding that in this proceeding damages to the forty-acre tract cannot be assessed, disappear as immaterial to the determination of the questions left to be settled in the petition.

It appears from the finding and as a ground of appeal, that objection was taken to the jurisdiction of a judge of the Superior Court because the petition should have been brought to the court and not to a judge thereof. The judge overruled this claim and held that the petition was properly brought. We do not find that this ground of appeal has been pursued upon the brief, and we assume that it has been abandoned.

There is no error.

In this opinion the other judges concurred.