BURLANDER vs. MILWAUKEE & ST. PAUL R. R. Co.

*Exemption from garnishment.—Repeal of statute by implication.*

1. Section 40, chapter 79, R. S. (which exempts employees, etc., of railroad companies from garnishment in certain cases), was, in effect, repealed by the passage of chapter 148, Laws of 1858 (R. S. p. 799), which revises the whole subject-matter of such exemption.
2. The subsequent amendment of said chapter 148, limiting the exemption to married persons, etc., applies, therefore, to railroad employees as well as to other persons.

APPEAL from the County Court of *Milwaukee* County.

*Burlander* obtained judgment before a justice of the peace, in June, 1868, against McKenzie, having also summoned as garnishee the *Milwaukee & St. Paul Railway Company*, which answered that it was indebted to McKenzie, as an employee, in the sum of $48.07, wages for the month of May and part of the month of June, payable monthly. It was admitted that McKenzie was not a married person, or a person who had to provide for the entire support of a family in the state of Wisconsin. The justice declared that the wages were not liable to garnishment. On appeal, the county court held otherwise, and gave judgment accordingly; and the company appealed to this court.

*John W. Cary*, for appellant:

Section 40, chap. 79, R. S. 1858, exempts from garnishment two months' wages of every employee of a railroad company, or railroad contractor. That section relates only to that specific class of persons. Chapter 148, Laws of 1858, which conferred a similar exemption upon *all* persons, is not in conflict with section 40, chap. 79, and does not amend or alter it. The latter act should not be regarded as a repeal of section 40. Dwarris on Statutes, 532; Sedgwick on Stat. and Con. Law, 123, 127; 5 Hill, 221; 6 Cushing,

465. Chapter 280, Laws of 1861, which amends chap. 148 by striking out the word "persons" and inserting in lieu thereof "married persons, or persons who have to provide for the entire support of a family in the state of Wisconsin," does not refer to said section 40, which remains in full force.

*Peter Yates*, for respondent.

PAINE, J. The single question presented in this case is, whether section 40, chap. 79, R. S., has been repealed by subsequent legislation. That section exempted the wages of the employees of railroad companies, and their contractors, from the process of garnishment, unless as much as two months' wages were due. During the same session of the legislature, by chap. 148, Laws of 1858, found also in the Revised Statutes, p. 799, the exemption was made general as to the wages of all persons. This, we think, repealed the former provision, not because it was inconsistent with it, but because it was a revision of the whole subject-matter, and therefore a substitute for it. The latter act embraced railroad employees within its terms as well as all other persons. It is, therefore, to be considered as a substitute for the former act, and, in accordance with a familiar principle, repealing it by implication.

This being so, the subsequent amendment limiting the right of such exemption to married persons, or persons having to provide for the entire support of a family, was as applicable to railroad employees as to any other persons.

*By the Court.*—The judgment is affirmed.