## MOORE and another vs. THE SUPERIOR & ST. CROIX RAILROAD COMPANY.

RAILROADS: CONDEMNATION OF LAND. *Petition for appointment of commissioners to condemn land for railroad must conform to ch.* 119, *Laws of* 1872.

1. Chapter 119, Laws of 1872, is to be regarded as a *revision of all former statutes* which confer the *right of eminent domain upon railroad corporations;* and as such it repeals all conflicting provisions on the same subject contained in such statutes.

2. Where, therefore, the petition of a railroad company to the judge of a circuit court for the *appointment of commissioners to assess damages* for the taking of land by said company was in accordance with the company's charter (granted prior to 1872), but did not, in form or substance, comply with the act of 1872: *Held*, that the appointment of such commissioners was invalid.

CERTIORARI to the Judge of the Eleventh Judicial Circuit.

The case is stated in the opinion.

*Gregory & Pinney*, for plaintiff in error:

1. The common law *certiorari* is the proper remedy in this case. The proceeding sought to be reviewed is one of a summary character, out of the course of the common law, and there can be no direct review of the determination of the circuit judge except upon this writ. By an appeal from an award of the commissioners, their right to act would be conceded, and the only question on such appeal would be as to the correctness of their judgment. *Milwaukee Iron Co. v. Schubel*, 29 Wis., 444; Redf. on R. W. (2d ed.), 141, and cases cited in note 5; *Fitchburg R. R. Co. v. B. & M. R. R.*, 3 Cush., 58; *Burns v. M. & M. R'y Co.*, 9 Wis., 450. See also *State ex rel. McCune v. Goodwin*, 24 Wis., 289. 2. The railroad act of 1872 (ch. 119) was designed as a general law for all companies in the state as to all future proceedings. As to existing companies it is a *revising* statute, reducing all antecedent laws on the subject to one system, and operates as a *repeal* of such former provisions, without any express provision to that effect. Smith on Con. and Stat. Law, § 786; *Goodenow v. Buttrick*, 7 Mass., 142; *Bartlett v. King*, 12 id., 545; *Nichols v. Squire*, 5 Pick., 168; 22 Wis., 54, 234; 26 id., 76. See especially secs. 13, 55, 56 of the act. The petition in this case failed to comply with the requirements of the act of 1872, in that it did not show that any route for said railway, or any portion of its line of road, had been surveyed; nor that any route, or any portion thereof, had been determined by resolution adopted by the

board of directors, or otherwise; nor that any of the lots or lands mentioned in said application were upon the line of said road or contiguous thereto. Laws of 1872, ch. 119, secs. 13–15. The petition was therefore insufficient to confer jurisdiction on the circuit judge to appoint commissioners. *Grignon's Lessee v. Astor*, 2 How. (U. S.), 338. — Counsel further argued that upon an application by a railroad company for the appointment of commissioners to assess damages for the condemnation of land to the use of such company, if the land owner denies (as was done in this case) that there is *any necessity* for taking the quantity of land claimed, it is the duty of the judge to hear proofs and determine the question of necessity; that under the constitution private property can be taken only for public purposes; that in the case of a railway company private property can be taken only so far as it is required for the proper performance of the duty of the company as a common carrier; and that the charter of the defendant (ch. 326, P. & L. Laws of 1870), which in terms permits a company to take whatever land its board of directors may " declare to be necessary," and then, " whenever said company shall deem that such property," or any portion of it, " shall no longer be necessary for the purposes for which the same was taken," authorizes it to lease or sell the same, is so far unconstitutional. The landowner has a right to be heard upon the question whether the appropriation of the land by the railroad company is *necessary. R. & S. R. R. Co. v. Davis*, 43 N. Y., 137; *N. Y. & H. R. R'y Co. v. Kip*, 46 id., 546; 9 Am. R., 94; *Webb v. M. & L. R'y Co.*, 4 Mylne & Craig, 116.

[No argument for the defendant in error.]

LYON, J. A writ of *certiorari* was issued out of this court to the judge of the eleventh judicial circuit, to bring here for review certain proceedings had before him on the petition of the defendant in error, which proceedings resulted in the appointment by said judge of commissioners to estimate and appraise the

damages caused by the taking, for railroad purposes, of certain lands belonging to the plaintiffs in error.

The petition appears to be substantially in the form prescribed by the charter of the defendant in error (P. & L. Laws of 1870, ch. 326, sec. 14), but is not, either in form or substance, a compliance with the requirements of the general railroad law of the state (Laws of 1872, ch. 119, sec. 14), which was enacted prior to the commencement of these proceedings before the circuit judge.

It is argued on behalf of the plaintiff in error, that such general law furnishes the rules for the condemnation of private property to the use of railroad corporations, and prescribes the methods which must be employed to effect that object, and that the provisions of the charter of the defendant in error, which prescribes other methods of condemning property to its use, are abrogated by the general law.

We think that this position is correct. We regard ch. 119, Laws of 1872, as a revision of all former statutes which confer the right of eminent domain upon railroad corporations. If a revision, it repeals all conflicting provisions on the same subject-matter in such former statutes. *Burlander v. The Mil. & St. Paul R. R. Co.*, 26 Wis., 76 ; *Lewis v. Stout*, 22 id., 234. See also secs. 13 and 55, ch. 119, Laws of 1872.

The petition which is the foundation of these proceedings, is fatally defective, and is insufficient to confer jurisdiction upon the circuit judge to appoint the commissioners. Indeed, no attempt seems to have been made to comply with the requirements of the act of 1872 in that behalf.

No argument has been submitted on behalf of the defendant in error, and we are informed that the proceedings to condemn the lands in question have been abandoned. For these reasons we have not thought it necessary to do more than merely to announce the conclusion we have reached on a single controlling question. The other questions (some of them of great im-

portance) argued by counsel for the plaintiffs in error, are therefore left undetermined.

The appointment of commissioners, and all of the proceedings before the circuit judge, must be reversed, set aside and vacated.

*By the Court.* — So ordered.