Sherman vs. The Milwaukee, Lake Shore & Western Railroad Company.

SHERMAN VS. THE MILWAUKEE, LAKE SHORE & WESTERN RAIL-
ROAD COMPANY.

RAILROAD COMPANIES. *(1, 2) Compensation, a condition precedent to taking of land. (3) Provisions of general railroad act of 1872, as to condemnation of land. (5) Company has the initiative. (4) Sec. 2, ch. 175 of 1861. (6) Remedies of land-owner, where land is illegally taken for railroad.*

1. It is the settled law of this state, that under its constitution private property cannot be taken for public use without just compensation first made for it; and this protection extends to an adjacent owner's fee in a common highway, against its use for the track of a railroad.

2. A provision in the charter of a railroad company delegating the right of eminent domain, without providing for just compensation as a *condition precedent* to the use of private property, would be void under the constitution.

3. Since the passage of the general railroad act of 1872, the proceedings given by that statute for the exercise by railway companies of the right of eminent domain, are *exclusive* of all special proceedings given in special charters; the latter being repealed by the former, and not revived by ch. 292 of 1874. *Moore v. R. R. Co.,* 34 Wis., 173; *Bohlman v. Railway Co., ante,* p. 157.

4. The construction given to sec. 2, ch. 175 of 1861, in *Bohlman v. Railway Co.,* 30 Wis., 105 (limiting it to cases where railroad companies had taken possession of land *by permission of the owners*), approved. But sec. 4, ch. 291 of 1873, was probably intended as a *substitute* for said sec. 2 of the act of 1861.

5. Under the general railroad act, the initiative in the exercise of the right of eminent domain belongs exclusively to the railroad company.

6. Where a railroad company takes possession of land for which it is liable to make compensation, without the consent of the owner, and without having ascertained and paid the compensation under the process given by the statute, it is liable to an action of ejectment; or to an action of trespass, in which the owner may recover the damages *accruing before suit brought,* but not permanent damages as for the taking of the land.

APPEAL from the Circuit Court for *Manitowoc* County.

Trespass, by the owner of a lot in the city of Manitowoc, for the occupation and use by the defendant company, without his consent, of the public highway adjoining his premises, for its

road-bed and track. The complaint alleged two several entries upon said lands, one in 1872, and the other in 1873; their permanent occupation for the purposes mentioned; that plaintiff had in consequence been wholly deprived of access to his lot by way of such street; and that said lot was rendered uncomfortable by the noise, smoke and dust attendant upon its use by the defendant company, and had greatly depreciated in value in consequence of such occupation.

Defendant demurred to the complaint on the grounds, 1. That it did not state a cause of action; and 2. That the court had no jurisdiction. An order was entered sustaining the demurrer without specifying the ground, and allowing plaintiff twenty days in which to amend his complaint. From this order the plaintiff appealed.

A brief for the appellant was filed by *Greene & Nash*, and one for the respondent by *Cottrill & Cary;* and there was oral argument by *W. F. Vilas* for the appellant, and *J. P. C. Cottrill* for the respondent.

For the appellant it was argued, 1. That the allowance of time to amend was equivalent to an adjudication that the court had jurisdiction, and hence the case was here on the general demurrer. 2. That the complaint set forth a trespass to land, and not, as contended below, a claim for compensation for lands taken; that the form of the summons, which was for relief, and the prayer, which was for damages, indicated that such was the nature of the action (*Supervisors v. Decker*, 30 Wis., 624; *Gillett v. Treganza*, 13 id., 472; *Lowber v. Connit*, 36 id., 176); and that the complaint stated several distinct acts of trespass, which would not have been done had compensation been sought for land permanently occupied. 3. That the complaint sets out a sufficient cause of action in trespass, and is clearer and stronger than the one sustained by this court in the parallel case of *Pomeroy v. M. & C. R. R. Co.*, 16 Wis., 640. Although more sources of damage are stated than plaintiff is entitled to recover for in this action, that will

not sustain the demurrer; but it is the province of the court, upon the trial of the action, to properly limit the recovery by applying the legal measure of damages. The slightest transgression beyond the imaginary line which in legal contemplation surrounds every man's landed possessions, is a trespass. 1 Hilliard on Torts, 523; 3 Black. Com., 209; *McGregor v. Comstock*, 17 N. Y., 162. The taking of land occupied as a highway, by a railroad company, entitles the owner to maintain either trespass or ejectment. *Gardiner v. Tisdale*, 2 Wis., 153; *Weisbrod v. Railway Co.*, 21 id., 602; *Orton v. Harvey*, 23 id., 99. On this demurrer the court will not take judicial notice of facts which are matter of defense. *Loop v. Chamberlain*, 17 Wis:, 504; *Gray v. R. R. Co.*, 13 Minn., 315; *Harrington v. R. R. Co.*, 17 id., 215; *Adams v. R. R. Co.*, 18 id., 260. It will be claimed that the defendant company entered upon plaintiff's land by virtue of the authority granted to it by its charter (ch. 242, P. & L. Laws of 1870); but the court cannot take judicial notice that all the conditions were complied with, or that the necessity existed which is contemplated by that statute. The provisions of its charter authorizing defendant to enter upon and take lands, must be construed in connection with those for ascertaining and making compensation. Such compensation must in all cases be made, or at least provided for, before land can be taken, and a strict compliance with the statute in that respect will alone justify an entry. 17 Wis., 504; 20 id., 135; 21 id., 602; 25 id., 641; *Bohlman v. Railway Co.*, 30 id., 105. That this was done, cannot be presumed on demurrer. 4. That if defendant had any right to this land, it must have been by virtue of ch. 119, Laws of 1872, that statute having superseded its charter (*Moore v. R. R. Co.*, 34 Wis., 173); but under that act it had no right to take any lands whatever without first providing compensation; and to the railroad company, not to the land owner, belongs the initiative in that matter. *Powers v. Bears*, 12 Wis., 213; *Loop v. Chamberlain, supra*.

For the respondent it was contended, 1. That trespass will not lie for an act which, as in this case, was authorized by the legislature. *Mason v. R. R. Co.*, 31 Me., 215; 1 Am. Railway Cases, 162, and notes. 2. That the charter remedy is exclusive in all cases where it fully provides for making compensation. Pierce on Railways, 168, and cases cited; Redfield on Railways, pt. 3, sec. 19, pl. 81, p. 349, and cases in notes; Lacey's Digest, 257; 20 Ind., 9; 9 id., 283; 6 id., 249; 2 Head (Tenn.), 171; 1 Foster, 359; 5 Whart., 256; 59 Pa. St., 23; 14 Wis., 443; 36 Mo., 543; 38 id., 485; 8 Ohio St., 590; 4 id., 685; 67 N. C., 278; 29 id., 146; 7 id., 597. The only case opposing this doctrine is *Doe ex dem. Carr v. Georgia Railway*, 1 Kelly, 524, resting upon *Chittenden v. Wilson*, 5 Cow., 165, the rule in which latter case has been overruled in *Babb v. Mackey*, 10 Wis., 371, and other mill-dam cases in this state. In support of this view counsel cited, and discussed at length, *Davis v. La Crosse & Mil. R. R. Co.*, 12 Wis., 17; *Ford v. C. & N. W. R'y Co.*, 14 id., 609; *Pettibone v. R. R. Co.*, id., 443; *Powers v. Bears*, 12 id., 213; *Norton v. Peck*, 3 id., 714; *Shepardson v. R. R. Co.*, 6 id., 605; *Loop v. Chamberlain*, 17 id., 504; *Weisbrod v. C. & N. W. R'y Co.*, 21 id., 602; *Andrews v. F. L. & T. Co.*, 22 id., 288; *Bohlman v. Railway Co.*, 30 id., 105. 3. That the principle here involved is conclusively settled in this court in the mill-dam cases, where the statute remedy is held exclusive. *Wood v. Hustis*, 17 Wis., 416; *Crosby v. Smith*, 19 id., 449; *Babb v. Mackey*, 10 id., 371. 4. That, however the court may hold generally on this point, under the terms of defendant's charter the remedy there provided is clearly exclusive. It gives the company power to enter upon, occupy and use any land, at the same time providing that the title shall not pass until compensation be made; and then goes on to specify the mode in which such compensation shall be ascertained. This remedy is adequate and certain, and intended to be exclusive. In *Andrews v. The F. L. & T. Co.*, *supra*, it

was expressly held that the act of 1861 authorizing the land-holder to call out the commissioners upon failure of the company to do so, excluded the remedy by injunction. If so, it would be an anomaly to permit an action of trespass. 5. That the constitutional provision that private property shall not be "taken" without just compensation, refers solely to a divestiture of title, the time and manner of ascertaining the compensation being left to be provided for by the legislature. It does not prohibit a mere preliminary entry and occupation. 6. That it is no objection, under the charter, that the land-owner may be compelled to take the initiative, because it is in all cases at the expense of the company. 7. That the case of *Moore v. R. R. Co.*, 34 Wis., 173, decided nothing more than that the law of 1872 (ch. 119) provided a new and different form of proceeding to condemn lands. It took away no substantial right of the company, or of the land-holder, secured by the charter. Moreover, all such rights were revived by ch. 292 of 1874, passed months before this action was commenced.

RYAN, C. J. This case is governed by the constitution and statutes of this state, and the settled construction of them by this court. Upon open questions in this court, we listen always with interest and often with instruction to the decisions of courts elsewhere, upon kindred questions. But when the rules of decision in this court are settled, we cannot disregard them because different rules may prevail elsewhere. There must always come a time when questions settled by the decisions of this court cease to be open here.

Under the constitution of this state, private property can not be taken for public use without just compensation first made for it. *M. & M. Railroad Co. v. Eble*, 3 Pin., 334; *Norton v. Peck*, 3 Wis., 714; *Shepardson v. Railroad Co.*, 6 id., 605; *Robbins v. Railroad Co.*, id., 636; *Davis v. Railroad Co.*, 12 id., 16; *Powers v. Bears*, id., 214; *Loop v.*

*Chamberlain*, 17 id., 504, 20 id., 135; *Kennedy v. Railroad Co.*, 22 id., 581; *Bigelow v. Railway Co.*, 27 id., 478; *Bohlman v. G. B. & L. P. Railway Co.*, 30 id., 105; *Bohlman v. G. B. & M. Railway Co.*, *ante*, 157. This protection extends to an adjacent owner's fee in a common highway, against its use for the track of a railroad. *Ford v. Railroad Co.*, 14 Wis., 609; *Pomeroy v. Railroad Co.*, 16 id., 640; *Hegar v. Railway Co.*, 26 id., 624.

And a provision in the charter of a railroad company delegating the right of eminent domain, without providing for just compensation, as a condition precedent to the use of private property, would be void under the constitution. *Shepardson v. Railroad Co.*, *Bigelow v. Railway Co.*, *Bohlman v. G. B. & L. P. Railway Co.*, *supra*.

It never was the law of this state that a railroad company could permanently appropriate land to its use, leaving the owner to his own proceeding to obtain just compensation for it. *Norton v. Peck, Davis v. Railroad Co., Shepardson v. Railroad Co., Powers v. Bears, Loop v. Chamberlain*, *supra*.

The learned counsel for the respondent argued that the charter of his client authorized it to take land for its use, leaving the owner to his own remedy under it for compensation. If such were the true construction of the charter, it would obviously have been so far void. But that question is now immaterial; for, since the passage of the general railroad act of 1872, the proceedings given by that statute for the exercise of the right of eminent domain are exclusive of all special proceedings given in special charters; the latter being repealed by the former, and not revived by the amendment of ch. 292 of 1874. *Moore v. Railroad Co.*, 34 Wis., 173; *Bohlman v. Railway Co.*, *ante*, 157.

Corporate charters are frequently and perhaps presumably framed in the interest of the corporation. *Attorney General v. Eau Claire*, 37 Wis., 400. Certain it is that the language used in many railroad charters, relating to the exercise of the

right of eminent domain, is doubtful and obscure; apparently tending to defer or to limit the right of the owners of land taken. *Bigelow v. Railway Co., supra; Bohlman v. G. B. & M. Railway Co., ante.* Such provisions seem to have been passed without critical scrutiny of the legislature. In the general act of 1872, on the contrary, the provisions for the exercise of the right of eminent domain were obviously carefully considered, are in entire accord with decisions of this court on the subject, and are eminently safe and just, both to railroad companies taking land for public use, and to the owners of lands so taken. And it will be a serious evil if the legislature should ever disturb the general and just rule of that statute, and relegate parties to the diverse and doubtful rules of particular charters. Certain it is that this has not yet been done. ·

Some color was given to the argument of the learned counsel by sec. 2 of ch. 175 of 1861, not expressly repealed by the general railroad act of 1872. Our first impression was that the section was inconsistent with the provisions of the general railroad act; but the construction given to the section in *Bohlman v. G. B. & L. P. Railway Co.,* 30 Wis., 105, limiting it to cases where railroad companies had taken possession of land by permission of the owners, makes it quite consistent with the act of 1872. That construction is still perfectly satisfactory to us. For it recognizes that there are two ways only by which a railroad company can lawfully enter into possession of land, not acquired by purchase: upon making just compensation under its exercise of the right of eminent domain, or by permission of the owner. In the latter case, the owner waives compensation as a condition precedent, but not the compensation itself. He therefore assumes to himself the process of ascertaining the compensation, which would otherwise have devolved upon the railroad company. And the section in question simply enables him to do so. This purpose is very plainly expressed in sec. 4 of ch.

291 of 1873, amending the general railroad act of 1872; the provision in the latter section being probably intended as a substitute for the section of 1861.

Under the general railroad act, the initiative in the exercise of the right of eminent domain is clearly and exclusively put upon railroad companies; and their use of land taken is made dependent upon previous payment of the compensation ascertained by the process given.

And if a railroad company take possession of land for which it is liable to make compensation, without the consent of the owner and without having ascertained and paid the compensation under the process given by the statute, it is a trespasser and liable in an action of trespass. *Davis v. Railroad Co., Ford v. Railroad Co., Pomeroy v. Railroad Co., Loop v. Chamberlain, Hegar v. Railway Co., supra; Weisbrod v. Railway Co.,* 18 Wis., 35, 21 id., 602.

It is true that where a railroad company proceeds, under the appropriate process, to exercise the right of eminent domain, the remedies of that process are exclusive of all others; and the owner of land taken under it cannot resort to a common-law action to ascertain his damages. *Davis v. Railroad Co., Ford v. Railroad Co., supra; Pettibone v. Railroad Co.,* 14 Wis., 443. But when a railroad does not resort to that process, the process affords it no protection; and it is liable, as the cases cited show, to action of trespass or ejectment.

There is some surplusage in the complaint in this case, in claiming for permanent damages. The trespass alleged is a continuing trespass, but the plaintiff can recover only his damages before suit brought. The complaint, however, is clearly in trespass, and not for the value of the land, as in *Davis v. Railroad Co., supra.*

The order of the court below, sustaining a demurrer to the complaint, must therefore be reversed.

*By the Court.* — Order reversed.