# THE SHELTON COMPANY *vs.* THE BOROUGH OF BIRMINGHAM.

New Haven & Fairfield Cos., Oct. T., 1892. ANDREWS, C. J., CARPENTER, FENN and F. B. HALL, Js.

It is provided by Gen. Statutes, § 2703, that "when the owner of land adjoining a public highway shall sustain special damage to his property by reason of any change in the grade of such highway by the town, city or borough, such town, city or borough shall be liable to pay to him the amount of such special damage. Held that the value of a sidewalk destroyed by the change of the grade of a borough street was recoverable by the owner of the land under the statute as a part of his special damage.

[Argued October 27th, 1892—decided January 16th, 1893.]

APPEAL from an assessment of damages upon a city improvement; brought before *Studley, J.,* (of the Court of Common Pleas of New Haven County,) being the same case before this court at a former term and reported in 61 Conn., 518. The case was referred back to the committee for a further hearing, and a further report made, against the acceptance of which the plaintiff remonstrated; and the questions of law arising thereon were reserved for the advice of this court.

*E. B. Gager,* for the plaintiff.

*W. S. Downs,* for the defendant.

CARPENTER, J. When this case was before us on a former occasion (61 Conn., 518,) it was held that the plaintiff could not be allowed as an item of damages, resulting from the change of grade, the expense of constructing a new sidewalk by order of the borough, pursuant to the charter. In the opinion then given the court was careful to discriminate between the cost of constructing a new sidewalk and the value of a sidewalk previously constructed by the plaintiff, and which was destroyed by the change of grade. On

a rehearing before the committee the plaintiff offered to prove the value of the old sidewalk, which was objected to, and it was thereupon agreed by the parties, if the evidence was admissible, that the value of the old walk to the plaintiff was $66.55, and that that sum should be allowed the plaintiff as damages in addition to the other items found. The question whether the evidence is admissible is the question reserved for this court. ·

The defendant contends that this precise question was virtually determined by the former decision; that holding that the expense of constructing a new sidewalk was not allowable, was necessarily holding that no part of it was; and that the attempt to recover the value of the old walk is but an attempt to recover a part of the cost of the new in another form.

The plaintiff contends that the cost of constructing a new sidewalk is in law and in fact essentially different from the value of the old walk; and that the latter is in no sense the former, or any part thereof; citing the former decision.

We are inclined to accept the view taken by the plaintiff. It can hardly be regarded as an attempt to recover the same thing, or a part thereof, in a different form. The one is neither legally nor in fact identical with the other. The one is made up of different items, consisting of labor, materials, etc.; the other is a single item, being the estimated value of a piece of property. True, one is the cost of making a new sidewalk, and the other is the value of a sidewalk made of the same material after more · than ten years use. That they are not legally identical is clearly shown in the former decision.

The question then recurs—is the plaintiff entitled to recover the stipulated sum, $66.55?

The question may be conveniently divided:—1. Is the plaintiff's interest in the old sidewalk property, so as to be the subject of damages under the statute, section 2703?

2. Can such damages be recovered under that section, or does the charter forbid it?

1. The charter gives the borough full power over the

streets and sidewalks within the borough limits. Among other things it has the power to compel the owner of land fronting on the street to construct and maintain a sidewalk at his own expense. 8 Special Laws, p. 168, sec. 47.

More than ten years before the grade was changed the plaintiff constructed a sidewalk in front of its land, which, at the time of the change, was in good condition. That sidewalk, being incident or appurtenant to the adjoining land, was certainly an interest in the land, even if it was not a part of the land itself. It is therefore within the purview of the statute:—"When the owner of land adjoining a public highway, or of any interest in such land, shall sustain special damage or receive special benefit to his property by reason of any change in the grade of such highway by the town, city or borough in which such highway may be situated, such town, city or borough shall be liable to pay to him the amount of such special damage," etc. Sec. 2703. It seems clear therefore that the plaintiff has sustained special damage to its property by reason of the change in the grade. Moreover the fact that the plaintiff has been damnified is virtually admitted and the amount is agreed upon.

2. The remaining question is whether that sum is recoverable under the circumstances of this case.

It is contended in behalf of the defendant that the charter, construed according to its obvious meaning, forbids a recovery; while in behalf of the plaintiff it is insisted that the broad, comprehensive language of the statute allows it.

We understand that the effect of the former decision is that under the charter no damages can be recovered for constructing a new sidewalk; and it is vigorously contended that the reasoning applies as well to damages for the destruction of the old one. If this case depends wholly upon the construction of the charter, the last proposition, for the purposes of the case, may well be conceded; but the difficulty is that such a view entirely ignores the statute which we think applies to the case.

The charter was passed in 1878. At that time the common law rule prevailed, that no damages could be allowed

resulting from a change of grade in an existing highway, it being conclusively presumed that the original appraisal of damages included all damages, future as well as present, resulting from the use of the premises for a highway. But that rule was changed by section 2703, which was passed in 1882. The only question is whether that statute applies to this item of damages. It is conceded that it applies to the case, and that other items of damages are recoverable. We think that it applies also to this item. The language is broad, comprehensive and unqualified. Nothing on the face of the statute indicates that this is an exception. There is nothing in the nature of the subject matter from which an exception can be inferred; on the contrary, boroughs are named in the act; showing conclusively that it was the intention of the legislature that the act should apply to all boroughs. If therefore the charter is in any sense in conflict or inconsistent with the statute, the latter, being the later expression of the will of the legislature, must prevail.

The judge of the Court of Common Pleas is advised that the evidence was admissible, and that the item of $66.55 should be allowed according to the stipulation.

In this opinion the other judges concurred.