NELLIE W. HOLLEY *et al. vs.* THE TOWN AND BOROUGH OF TORRINGTON.

Hartford Dist., Oct. T., 1893. ANDREWS, C. J., CARPENTER, TORRANCE, FENN and BALDWIN, Js.

An owner of land adjoining a highway, the grade of which is changed by the town without any notice to the land owner of such intended change and without affording him any opportunity to be heard thereon, or as to the damages liable to be inflicted thereby, and without any attempt to agree with him as to the amount of such damages, may sue the town and recover just damages in an action at law.

The complaint in this action alleged the plaintiffs' ownership of land adjoining the highway, the change of grade made in such highway by the defendants and the special injury thereby inflicted upon the plaintiffs' land, but omitted to allege the want of any notice and the non-payment of the damages sustained, and concluded with a claim for damages, without stating any amount, and for the appointment of a committee to assess the damages pursuant to § 2703 of the General Statutes; it was held, that the defendants, by denying the allegations of the complaint and going to trial before the committee upon the merits had waived the right to object to such omissions and could not thereafter avail themselves of such defects, even though the complaint might not have withstood the test of a demurrer seasonably interposed.

In estimating the damages sustained by the plaintiff by such a change of grade it was held, that the court might properly take into account the destruction of a sidewalk laid by the plaintiff in front of her property and shade trees standing between such sidewalk and the wrought part of the highway.

The motion of defendants to dismiss the complaint for want of jurisdiction was properly overruled, as the defendants being municipal corporations located in Litchfield county the Superior Court of such county had jurisdiction to hear and determine it.

[Argued October 3d—decided December 13th, 1893.]

ACTION by Nellie W. Holley and husband to recover damages for injury to her land, alleged to have been caused by the change of grade of Water street in the town and borough of Torrington ; brought to the Superior Court in Litchfield County and heard by a committee appointed by the court, pursuant to the prayer of the plaintiffs' complaint. The committee's report found that the special damages of the plaintiffs arising from the change of grade were $2,948.14,

said sum being the difference in the market value of the plaintiffs' premises before and after the change of grade; and that there were no special benefits. In making this estimate of market value the committee took into account the effect thereon of the destruction by the defendants of a sidewalk and certain ornamental shade trees standing between the sidewalk and the wrought part of the highway in front of the premises of the plaintiffs. The committee found that if the shade trees were not considered this would reduce their estimate $600, and if the sidewalk was not regarded this would still further reduce the estimate by $141.60.

The report of the committee was filed September 6th, 1892, and on the 6th day of October, 1892, the defendants filed a written motion to dismiss the action upon the ground that the court had no jurisdiction; the defendants claiming that the action was based upon section 2703 of the General Statutes, which limited the right to commence such an action to the selectmen of the town and the right to hear and determine the same in the first instance to a judge of the Superior Court. The court (*R. Wheeler, J.*) denied the motion to dismiss, accepted the report of the committee and rendered judgment for the plaintiff Nellie W. Holley to recover the sum of $2,948.14. The other facts are sufficiently stated in the opinion.

*George E. Terry* and *Gideon H. Welch*, for the appellants, (defendants).

1. The court erred in denying the motion of the defendants to dismiss the action for want of jurisdiction. At common law no damages could be recovered by reason of a change of grade of highway, since the injury, if any, arising from such change was held to have been considered and paid for in the original taking. *Fellowes* v. *New Haven*, 44 Conn., 240. The statute, § 2703, changes the common law in this respect, but it also points out the only remedy, which must be strictly followed. *New Haven* v. *Whitney*, 36 Conn., 373; *People* v. *Craycroft*, 2 Cal., 243; *Servey's Island R. R. Co.* v. *Balton*, 48 Me., 451; *Calking* v. *Baldwin*, 4 Wend.,

667; *City of Camden* v. *Allen*, 26 N. J., 389; *Hazen* v. *Essex County*, 12 Cush., 475; *Carrin* v. *Marvin*, 2 Dutch., 594; *Elliott on Roads*, 371, 373; *Heiser* v. *Mayor etc. of New York*, 104 N. Y., 68; *Moore* v. *Atlanta*, 70 Ga., 611; *Armis* v. *Providence*, 13 R. I. 17; *Nealley* v. *Bradford*, 145 Mass., 561–565.

It does not appear that the plaintiffs ever tried to agree with the selectmen as to damages. If they had and the selectmen had neglected or refused to apply to a judge of the Superior Court, the *dictum* in the case of *Healey* v. *New Haven*, 49 Conn., 394, might have afforded some authority for this action. The statute nowhere confers jurisdiction upon the Superior Court to act in the first instance in the appointment of a committee; such jurisdiction lies only with a judge of the Superior Court. When the court has no jurisdiction of the cause it is not in the power of the parties to confer it by agreement. *Chipman* v. *Waterbury*, 59 Conn., 496. The motion to erase was not, therefore, too late.

The plaintiff was not entitled to damages for the destruction of the shade trees. *Shelton* v. *Borough of Birmingham*, 61 Conn., 524; *Woodruff* v. *Neale*, 28 Conn., 166; *New Haven* v. *Sargent*, 38 Conn., 52; *Beardsley* v. *Hartford*, 50 Conn., 529; *Suffield* v. *Hathaway*, 44 Conn., 526; *Brady* v. *Fall River*, 121 Mass., 262; *People* v. *New York Assessors*, 58 Howard Pr., 327.

The court also erred in allowing a recovery for the destruction of the sidewalk. The amendment to the borough charter, *Special Acts* 1889, page 796, makes it clear that the expense of altering and grading this sidewalk should be borne by the adjoining owner; and this amendment controls and repeals § 2703 of the General Statutes. This case differs from *Shelton Co.* v. *Birmingham*, 62 Conn., 459. The sidewalk was built without authority of the borough and was consequently on the premises simply by sufferance.

*James Huntington* and *Arthur D. Warner*, for the appellees (plaintiffs).

ANDREWS, C. J.   The plaintiff, Nellie W. Holley, is the owner of a parcel of land, with building thereon, situated in the town and borough of Torrington, bounded on the south by Water street, so called, and on the east by Prospect street. At a town meeting of the town of Torrington holden on the fifth day of January, 1891, it was voted :—" That the selectmen of this town are hereby authorized and directed to grade and lower Water street as follows :—commencing in a line of the west side of Prospect street at a point five feet below the present grade of said street, and grade and level to a true grade to Main street, and from starting point to grade and level said street to a true grade to John street or Naugatuck Railroad, as they shall find it necessary to protect contiguous streets."   At a meeting of the warden and burgesses of the borough of Torrington, held on the fifteenth day of April, 1891, it was voted :—" That the town authorities, when they shall cut down Water street and the southern terminus of Prospect street, also shall cut down the sidewalks on each side to the same grade as the streets, and charge the expense of cutting down said sidewalks to the borough."   The borough of Torrington lies wholly within the town, and the control of all the sidewalks within its limits is by its charter given to the borough.   The said streets, Water street and Prospect street, are ancient highways in the town of Torrington, laid out more than sixty years ago, and have been constantly used ever since.   Such use had established a grade for the street to which the plaintiff had conformed in erecting the buildings on her said piece of land—namely a dwelling house, a barn, a store with tenements, and a building used for a photographic gallery.   She had also constructed a sidewalk, and either herself or her predecessors had set out shade trees, which were at that time of fifty or more years growth, between the sidewalk and the wrought part of the highway. Subsequent to the passing of said votes and prior to the commencement of this action, the defendants, by their proper authorities, claiming to act by virtue of said votes, changed the grade of said street substantially as provided for in the same, thereby lowering the grade of Water street in front of

the plaintiff's premises seven feet or more, and cut down and removed the shade trees and destroyed the sidewalk. The change in the grade of the streets so made by the defendants seriously damaged the plaintiff's said property. Before proceeding to make such change in the grade of the streets, neither the selectmen of the town, nor the officers of the borough gave any notice to the plaintiff in writing or otherwise that they intended so to do, nor did they or either of them afford her any opportunity to be present and to be heard as to such change of grade, or as to the damages that would thereby be done to her property, nor did they or either of them ever attempt to agree with the plaintiff as to such damages.

In this condition of things the plaintiff brought the present complaint to the Superior Court in Litchfield County, setting forth a statement of the facts constituting her cause of action, and demanding that a committee be appointed to ascertain her damages and that she have judgment therefor against the defendants. The complaint was duly served upon the defendants and returned to the Superior Court at its October term, 1891. The parties appeared at the court, and the defendants filed an answer, to which the plaintiffs made a reply, and a committee was duly appointed. The parties appeared before the committee and were fully heard, and they then agreed that the damage, if any should be found, should be assessed jointly against the town and the borough. On the sixth day of September, 1892, the committee made its report, finding the special damages done to the plaintiff's land by reason of change in the grade of the street, to be the sum of $2,948.14. On the sixth day of October following the defendants filed their motion to have the cause dismissed for want of jurisdiction. This motion the court denied. Thereupon the defendants remonstrated against the acceptance of the report. The court overruled the remonstrance, accepted the report, and rendered judgment for the plaintiff to recover said damages of the defendants with costs. From that judgment the defendants appealed to this court and have assigned various reasons of appeal. These all come

within one or the other of three propositions. Has the plaintiff any remedy at all? And if so, may the remedy be obtained in this action? And may she recover to the extent the committee has found?

We are of the opinion that the plaintiff is entitled to recover the damages to which she has been subjected. *Healey* v. *City of New Haven,* 49 Conn., 394. But can her damages be recovered in this action? As we have already seen the complaint contains a statement of the facts which constitute the plaintiff's cause of action, together with a demand for the relief to which she supposed herself entitled. This is a good complaint according to the practice act. Very likely it would not have sustained the test of a demurrer. It did not contain any averment that the defendants had not given her notice or that they had not paid her the damages. Nor did it state any sum as damages. But these omissions, if defects at all, have not been noticed during the progress of the case. And after a judgment or a verdict we think these defects are aided. They cannot now be said to have done the defendants any harm. The case of *Healey* v. *City of New Haven,* (cited above) at page 401 contains so full and complete an answer to the question just asked that we can do no better than to apply the language there used to the facts of this case. That case was brought to recover damages caused by the change in the grade of a city street, and was decided under the act of 1874, which is re-enacted in section 2703 of the present statutes. It says:—" A question is made whether the defendants are liable in the present form of action. The statute in terms makes the defendants liable for the damages, ' to be ascertained in the manner provided for ascertaining damages done by laying out or altering highways therein.' The defendants contend that when a statute creates a right and gives a remedy that remedy alone must be resorted to. The principle invoked is more especially applicable to cases where the statute makes an act, lawful in itself, unlawful; but it is not applicable to this case for the reason that the statute gives the plaintiff no remedy. It simply points out a method by which the defendants may

ascertain the amount of damages. \* \* \* In this the defendants must clearly take the initiative ; it is their duty to move in the matter. Now, suppose they do move, and having ascertained the damages, refuse to pay. What remedy has the plaintiff ? The statutes being silent the law supplies the remedy. There is certainly no occasion to resort to a mandamus, for nothing remains to be done but to pay the money. But suppose the defendants refuse to have the damages assessed, as in this case. What then is the remedy ? The defendants answer, a mandamus. Not necessarily. That writ lies only when there is no other remedy. We think an action for the damages is a more direct, more complete, and less expensive remedy. The proceeding by assessment is not a remedy for the plaintiff. She cannot institute it nor control it; and if instituted by the defendants she could not compel its continuance. It was in no sense designed for her benefit, but is rather in the nature of a proceeding against her or against her property *in rem.* The constitution prohibits the taking of private property for public use without compensation. It being necessary to take private lands for highways, this proceeding was designed as an expeditious and inexpensive method of ascertaining the damages to be paid. The theory is that the damages shall be ascertained and paid before the land is taken. But the defendants cannot escape responsibility by omitting this proceeding and taking the land in the first instance. Should they attempt to do so, it would be no answer to a suit that the statute makes provision for ascertaining the damages. In such a case the plaintiff would hardly be required to resort to a mandamus. The statute provides the same remedy for both cases—the original taking of the land, and the subsequent damage to the adjoining land by changing the grade. \* \* \* The cases are so nearly alike that the same principle should apply to both. The defendants might and should have resorted to the statutory mode of assessing damages. They should do so in all instances, and their failure to do so can be no defense. If they take land or make improvements, thereby causing damage where damages are provided for,

without complying with the statute, their proceedings are unlawful.   They cannot with good grace turn the plaintiff out of court and say to her, you ought to have resorted to a mandamus to compel us to do our duty."    *Lund* v. *City of New Bedford*, 121 Mass., 286; *Wamesit Power Co. v. Allen*, 120 Mass., 352; *Bohlman* v. *Green Bay & Lake Pepin R. R. Co.*, 30 Wis., 105; *Moore* v. *Superior & St. Croix R. R. Co.*, 34 Wis., 173; Cooley's Const. Limitations, (5th ed.) 654. We think the plaintiff is entitled to recover in this action.

The special damages to the plaintiff's land could be determined only by considering everything by which its value would be affected.   The shade trees and the sidewalks were such things.    *Hoyt* v. *Southern New England Telephone Co.*, 60 Conn., 385; *The Shelton Company* v. *Borough of Birmingham*, 61 Conn., 518; *S. C.*, 62 Conn., 456.

This action being one sounding in tort, the defendants are liable jointly, as they would be severally, for the whole amount of damages; and being between parties living in Litchfield County, the Superior Court in that county had jurisdiction to hear and determine it.   The motion to dismiss was properly overruled.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.