RAYMOND PLUNSKE *v.* EARL WOOD, COMMISSIONER OF TRANSPORTATION

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued May 4—decision released July 6, 1976

*Kenneth N. Tedford,* assistant attorney general, with whom were *William A. McQueeney,* assistant attorney general, and, on the brief, *Carl R. Ajello,* attorney general, for the appellant (defendant).

*Walter A. Flynn, Jr.,* with whom, on the brief, were *Richard A. Johnson* and *Keith A. Rubenstein,* for the appellee (plaintiff).

BOGDANSKI, J. This is an appeal by the defendant commissioner of transportation from the judgment of a state referee, who, exercising the powers of the Superior Court, reassessed the damages resulting from the condemnation of a portion of the plaintiff's property. Error has been assigned in the finding, in rulings on evidence, in the overruling of claims of law, and in the conclusions reached.

No court reporter was available during the trial of this case and, because of technical difficulties experienced with the use of a mechanical tape recorder, the resulting transcript was replete with mistakes and omissions. As a consequence, the referee based his finding on his trial notes, his recollection of the facts and evidence, his observation of the premises, and portions of the draft finding and counterfinding.

The following facts were found: In 1972, the plaintiff was the owner of 2.76 acres of residential property located on the westerly side of route 58 in the town of Bethel. Two streams converged near the property's southerly boundary and flowed

northerly through a culvert under the plaintiff's driveway into a pond which had been deepened and improved for swimming. A dam had been constructed at the northerly end of the pond to cause the outflow from the pond to be carried into an open watercourse, which flowed the water off the plaintiff's land. An eight-inch pipe in the dam contained a plug to permit drainage of the pond.

On February 18, 1972, in order to straighten and improve route 58, the defendant condemned a .15-acre triangular piece of the plaintiff's property fronting on route 58. Also taken from the plaintiff's remaining land were rights to grade, the right to construct a driveway, and a drainage easement. The defendant assessed the damages for the taking at $2400. From that assessment, the plaintiff appealed to the Superior Court, where the matter was referred to a state referee. Because of the postponement of the trial on several occasions, the case was not fully heard until after the state had completed the reconstruction of route 58.

During construction, heavy rains washed sand and silt from an embankment on the opposite side of route 58 into one of the streams which flowed across the plaintiff's property. The sand and silt flowed into and settled in the plaintiff's pond. Soil also eroded into the pond from one of the areas where the defendant had taken a right to grade. At the direction of the defendant's representatives, the contractor who performed the road work attempted to remove the sand and silt from the pond. During the dredging operation, which was largely unsuccessful, the dam and a dock were damaged. A settling basin or trap would have prevented the sand and silt from flowing into the pond.

The court found that the taking of the .15 acre, the easement and the rights to grade depreciated the value of the plaintiff's land in the amount of $5000. It further found that the cost for evergreens to retard erosion was $800, and that the costs to build a silt trap, dredge the pond, and repair the dam was $5000. The court concluded that the value of the plaintiff's land prior to the taking was $20,000, that its value after the taking was $9200, and that the damage to the property, therefore, was $10,800.

The principal issue presented by this appeal is the propriety of the court's action in awarding damages for the cost to remove the sand and silt, the cost to construct a silt trap, the cost to repair the dam, and the cost of evergreen trees to retard erosion. At the trial, the defendant argued that those items were outside the scope of damages recoverable in a condemnation proceeding. He made the claim that no damages can be awarded in a condemnation appeal for injury caused to the property by the construction of the project for which the property was acquired.

When part of a tract of land is taken for the public use, "just compensation" includes recovery for the part taken and for any damages visited upon the remainder which result from the taking. *Bowen v. Ives,* 171 Conn. 231, 236, 368 A.2d 82; *Meriden v. Highway Commissioner,* 169 Conn. 655, 659, 363 A.2d 1094. Damages are measured by application of the "before and after rule." Ibid. The court must "determine the difference between the market value of the whole tract as it lay before the taking and the market value of what remained of it thereafter." *Lefebvre* v. *Cox,* 129

Conn. 262, 265, 28 A.2d 5. The court should consider any and all damages which will foreseeably follow from the proper construction of the project, including any damage to the remainder which is a necessary, natural and proximate result of the taking. *Bowen* v. *Ives,* supra; *Budney* v. *Ives,* 156 Conn. 83, 88, 239 A.2d 482; *Holley* v. *Torrington,* 63 Conn. 426, 433, 218 A. 613. The use to be made of the land taken is to be considered with regard to its effect on the remaining land, and the fact that injuries are caused by the construction activities of the contractor is not a bar to recovery so long as the damages foreseeably follow such construction activities and are a necessary, natural and proximate result of the taking. 4A Nichols, Eminent Domain (3d Ed.) § 14.24; see *Bowen* v. *Ives,* supra; *Andrews* v. *Cox,* 127 Conn. 455, 17 A.2d 507. Expenses required to cure injuries caused to the remaining land are not recoverable as such, but are merely "evidence of elements in the decrease in market value, of which they may be an accurate measure." *Andrews* v. *Cox,* supra, 460; see *Bowen* v. *Ives,* supra. Since a condemnation proceeding is limited under § 13a-76 of the General Statutes to a reassessment of damages caused by the taking, injuries resulting from the negligence of the contractor are ordinarily not recoverable in such a proceeding. The owner is relegated to an independent proceeding. 4A Nichols, op. cit. § 14.245[1]; see *Clark* v. *Cox,* 134 Conn. 226, 234, 56 A.2d 512.

In the present case, the finding is in crucial respects deficient and does not support the court's award of damages. First, the court did not expressly conclude whether the injuries to the dam, pipe, pond and slope were a necessary, natural and proximate result of the taking. Moreover, the

record before us does not enable us to determine whether that conclusion was implicitly reached by the court, nor does it enable us to hold, as a matter of law, that any of those items of damage considered by the court were or were not the reasonably foreseeable result of the original taking. Second, the finding indicates that the court awarded the amounts it would cost to correct the consequential injuries instead of considering them as affecting the market value of the property. While the cost to correct injuries to property may sometimes be equal to the amount by which the market value of the property is depreciated as a result of those injuries, that is not always the case. *Bowen* v. *Ives,* supra. The court's conclusion that damages should be awarded in the amount of $10,800 was based on its findings that the remaining land had depreciated $5000 as a result of the taking of the .15 acre and the easements, and that it would cost $5800 to remedy the injuries to the pond, dam and slope. There is no indication in the court's finding that the costs to cure the damage were considered only insofar as they affected the market value of the remainder or that they were equivalent to the depreciation in market value caused by the necessity of incurring them.

Since the facts found do not support the court's conclusion of damages, a new trial must be ordered. The remaining claims of error, therefore, need not be discussed.

There is error, the judgment is set aside and the case remanded for a new trial.

In this opinion the other judges concurred.