[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the plaintiff from the defendant's assessment of damages for the taking of the portion of its property and certain rights, as more fully set forth in "Notice of Condemnation" — Exhibit A. The premises are situated in the Town of Farmington on Route 4 and involve the frontage of the plaintiff's large shopping center. Taken on December 6, 1989 were a slope easement, a right to construct a driveway at the main entrance and a right to install a concrete 18" pipe at a designated point as shown on the map. These rights cover 0.024 of an acre.
The plaintiff, through its appraiser and a nursery specialist, was permitted to submit evidence as to the costs of replacing various shrubs and plantings, not as an element of damage, but for the purpose of showing market value. Plunske v. Wood, Commissioner, 171 Conn. 280. However, because there was no adequate proof to show to a material degree that the shrubs in question were located within the taking area, it is concluded that the plaintiff has failed in its burden of proof as to this element. In fact, the plaintiff has failed to sustain its burden of proof as to all the other elements except for the value of the land taken. In order to recoup this loss of damage, the plaintiff's appraiser, in rebuttal, adopted the defendant's appraiser's report and testified that in his opinion, 2439 square feet at $8.00 per square foot yielded a total damage of $19,512.00. However, it is found that the appraisal of $3.50 per square foot is a reasonable one.
In all, a small amount of land is subjected to a slope easement together with a right to slightly flare out the main driveway. The defendant's appraiser assesses the damage to the easement area at 2439 per square foot times $3.50 per square foot times 20%. The 20% figure is based on the limited extent to which the land was subjected. Based upon an inspection at the site of the premises, it is concluded that from the effect of the easement and the rights taken, a figure of 50% is more reasonable.
It is true that the defendant's appraiser awarded $2,000 for the loss of shrubbery. However, because she said this was only an approximation, her testimony is not considered as adequate in this respect.
 An award is made as follows: 2439 square feet times $3.50 times 50% equals $4,300 The value before taking: $20,000,000 The value after taking: $19,995,000
The above conclusions are based upon my viewing of the subject property and after considering all the evidence as well a my own knowledge of the elements constituting value.
Judgment may enter for the plaintiff in the sum of $4,300, less $3,700 already paid to the plaintiff, with interest at the rate of 10% on the difference of $600 from the date of taking (December 6, 1989) to the date of payment, together with costs and an appraisal fee of $1,000.00.
JOHN M. ALEXANDER, STATE TRIAL REFEREE CT Page 2519