[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I
This action is an appeal and application for a review of the statement of compensation for a partial taking of a plot of land of plaintiff by defendant town in the realignment of a highway and the taking of a piece of plaintiff's land, the use of a piece of CT Page 5274 plaintiff's land for the temporary purpose of sloping, and for damages to the remainder of the land.
The taking date is August 17, 1989.
The total area of the plot before the taking was approximately 15.037 acres of which the defendant ultimately appropriated 0.165 acre leaving 14.872 acres. The plot was bounded on its north side by the south side of Cook Hill Road in Cheshire approximately 991.12 feet; on its east side approximately 601.98 feet by private property; on its southerly side approximately 770.26 by a public highway Corliss Lane and on its west side by private land approximately 782.25 feet.
The plot has a 1 1/2 family home on it and a two story barn known as 433 Cook Hill Road situated 440.79 feet easterly from the property's northwest corner on Cook Hill Road, putting the home at about the middle of the frontage of the property on Cook Hill Road. From this location the property slopes gently downward in an easterly direction, in a southerly direction and in a westerly direction.
A large portion of the land is relatively cleared meadow land which is one to four feet below the grade of Cook Hill Road, except that for the portion taken it was relatively at road grade. The area of the realignment done by the defendant, while only a relatively small portion of the plaintiff's property in area, nevertheless involved the removal by defendant of ornamental shade trees, stonewalls of some antiquity and shrubbery which not only had added value to the property but also brought damage to the part of the remainder of the property. The 0.165 acre of land taken by the defendant was in the shape of a crescent involving most of the westerly half of the Cook Hill Road frontage of the plaintiff's property, being between the home site and the northwest corner of the plaintiff's plot.
Before the acquisition of this crescent shaped portion, the landscaping along the frontage included some large shade trees along the southerly street line of Cook Hill Road. Beneath and along this line of trees and growth was a thick growth of underbrush and bushes and also some stone retaining walls. There was also a gateway leading into the interior of the land.
The combination of these trees and hedge created an effective buffer to the automobile lights and sounds of passing traffic, and successfully limiting the headlights and engine sounds and noise of passing cars. The plaintiff lost this buffer effect with the taking made by the defendant.
The trees, shrubbery and stonewall of some age and natural CT Page 5275 growth added an ornamental dimension to the Cook Hill Road frontage which when removed, left the remaining near-by portion of the plaintiff's land barren, open to trespassers, and lacking the privacy and protection it formerly possessed.
This is a major plot of land. The applicable zone before and after taking is R-80 to which requirements the subject property conforms to permit seven residential building lots comfortably, which subdivision appears to be and is its highest and best use.
 II
"Damages recoverable for a partial taking are measured by the application of the `before and after rule', to determine `the difference between the market value of the whole tract as it lay before the taking and the market value of what remained of it thereafter, taking into consideration changes contemplated in the improvement and those which are so possible of occurrence in the future that they may reasonably be held to affect market value.'. . . (citations omitted). . . The fair market value is the price that the trier reasonably thinks would result from fair negotiations between a willing seller and a willing buyer, contemplating the highest and best possible use of the land, giving a prudent investor the greatest financial return . . . (citations omitted). . . In determining fair market value, the trial court is free to select the method of valuation most appropriate to the case before it. . . (citations omitted) . . . when . . . as here the trier has visited the property to be appraised, he may rely on his visual observations to supplement the evidence presented for his consideration by the witnesses under oath. . . . (citations omitted). . . In condemnation proceedings the trial court is more than a trier of facts or arbiter of differing opinions of witnesses; it is charged with the duty of making an independent determination of value and fair compensation in the light of all the circumstances, the evidence, its general knowledge and its viewing of the premises. . . ." D'Aderio v. Commissioner of Transportation, 180 Conn. 355, 365-366. "Where only a portion of a party's property is taken the land owner is entitled not only to the compensation for the value of the property taken but also severance damages for the diminution in the value of the landowner's remaining property that the severance of a portion of the property causes." Alemany v. Commissioner of Transportation, 215 Conn. 437, 444-45.
Plaintiff presented evidence in the form of video tape and testimony of the natural growth of trees, hedges and other growths along the approximately westerly one-half of the Cook Hill Road frontage, which were removed in the taking. Testimony also was presented with reference to the lights, sound and noise heard at CT Page 5276 the plaintiff's home 433 Cook Hill Road which have taken place since the taking was made, indicating the loss of an important barrier effect of sound, headlights and noise of vehicles and traffic travelling easterly.
The taking by defendant eliminated a measure of privacy and protection which the trees, bushes, hedges and growth previously afforded to the plaintiff's land.
In determining market value in awarding damages for land taking, it is proper to consider all those elements which an owner or prospective purchaser could reasonably urge as affecting the fair price of the land. Andrews v. Cox, Highway Commissioner,127 Conn. 455, 458.
Shade trees have been held to be such a proper element to consider. Holey v. The Town and Borough of Torrington, 63 Conn. 426. See also Bowen v. Ives, 171 Conn. 261.
The sound and light barrier effect which the trees, underbrush, hedges and growth provided and which barrier effect has been eliminated by the defendant's taking is a proper element to be considered for its detrimental effect on the property of the plaintiff. So is the loss of privacy for the land and protection which it had from trespassing.
 III
The appraisals offer a very wide range of values: from $87,000 per acre down to $25,000 per acre before the taking and the difference before and after the taking ranges from $14,000 to $21,000 to about $52,000 with reference to the damages.
The undersigned referee viewed the premises with counsel both sides on April 10, 1992.
Having heard the parties and considered their claims and evidence, it is found that the fair market value of the subject property as of August 17, 1989 is computed as follows:
Before Taking:
 15.037 acres at $4600 per acre $691,702 plus sloping rights 500 -------- Total Value $692,202
After Taking Computed as Follows:
14.872 acres @ $4300 per acre $639,496 CT Page 5277 -------- Damages Difference $ 52,706
Adjustments upward and downward have been reflected as needed. The elements of the elimination of the sound and light barrier effect and the loss of privacy and protection of the plaintiff's land to the remaining portion were either ignored or underestimated by the appraisals.
Since the sum of $52,706 is in excess of the sum of $14,000 deposited by defendant with its statement of compensation with the clerk of the court, by $38,706, judgment may enter for the sum of $38,706 together with interest from the date of taking, August 17, 1989, to the date of payment in order to satisfy the deficiency in the amount justly due to plaintiff.
A reasonable fee for expert services of Norman Benedict Associates for appraisal report and testimony is $3925.00 and for the expert services of Philip W. Ball for appraisal and testimony is $1900.00, both payable by defendant to plaintiff.
PHILIP R. PASTORE STATE TRIAL REFEREE