[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO DISMISS (# 109) 
This is an appeal brought pursuant to General Statutes § 13a-76
from an assessment of damages and benefits made by the Commissioner of Transportation in connection with a notice of condemnation and assessment of damages regarding property owned by the defendant Frank Capone. The plaintiff, Commissioner of Transportation, found a portion of Capone's premises necessary for the layout, alteration, extension, widening, change of grade, drainage and improvement of Route 80 in East Haven, Connecticut.
This is the plaintiff's second motion to dismiss.[1] A motion to dismiss attacks the jurisdiction of the court to hear a matter and the lack of subject-matter jurisdiction can be raised at any time. Practice Book § 10-30. See Dowling v. Slotnick, 244 Conn. 781, 787,712 A.2d 396, cert. denied, 525 U.S. 1017, 119 S.Ct. 542, 142 L.Ed.2d 451
(1998). The plaintiff has moved to dismiss the second and third counts of the appeal, claiming that the second count alleges an inverse condemnation claim and the third count consists of a challenge to the propriety of the underlying condemnation and that neither are cognizable under § 13a-76. The plaintiff further moved to dismiss the prayer for relief for attorney's fees on the ground that the statute does not permit the court to award such fees. The defendant has conceded this last point and, accordingly, the prayer for relief for attorney's fees is stricken. CT Page 480
General Statutes § 13a-76[2] provides for a reassessment of damages caused by the Commissioner's taking. See Plunske v. Wood, 171 Conn. 280,284, 370 A.2d 920 (1976). In highway easement cases, landowners are entitled to compensation for "damages immediately flowing from the presently contemplated highway improvement project for which the land was taken" and also to compensation for severance damages. Alemany v.Commissioner of Transportation, 215 Conn. 437, 445, 576 A.2d 503 (1990). In calculating such severance damages, courts are advised not to take an "unduly restrictive approach," id. 215 Conn. 446, since the question of just compensation in a condemnation case "is an equitable one rather than a strictly legal or technical one. The paramount law intends that the condemnee shall be put in as good condition pecuniarily by just compensation as he would have been in had the property not been taken. (Internal citations omitted). "Id. 215 Conn. 444.
The plaintiff maintains that the second count sounds in inverse condemnation because it is alleged that the plaintiff "constructed a wall which . . . is on the defendant's property." "Inverse condemnation occurs when there has been a taking, without compensation, for a public purpose, without an actual or physical appropriation of property." (Emphasis supplied) Citino v. Redevelopment Agency, 51 Conn. App. 262,277, 721 A.2d 1197 (1998). That is not the claim here. Nor is it the defendant's claim that his property was taken in a constitutional sense" which would allow a court to order the state to pay damages even in the absence of a statutory remedy. Laurel v. State, 169 Conn. 195, 200-01,362 A.2d 1383 (1975). Rather, the defendant maintains that the wall was part of the plaintiff's plans for the improvement of Route 80 and that would place his claim of damages squarely within the jurisdiction of § 13a-76. "Where a portion of a parcel is taken and the remainder of the land is not taken, either by right of statutory authority or in a constitutional sense, the owner has no direct cause of action against the condemnor but is left to recover any severance damage under the provisions of General Statutes 13a-76." Id., 169 Conn. 202
The plaintiff primarily relies on Plunske v. Wood, supra, 171 Conn. 280, however that case does not provide authority for his claim that the court lacks subject-matter jurisdiction over the allegations of the second and third count. The court in Plunske held that damages for the negligence of a contractor are not ordinarily recoverable in a § 13a-76
proceeding. However, while Plunske does make it clear "that expenses arising from curing injuries sustained by the remaining land which was not condemned are not recoverable per se in an appeal pursuant to General Statutes 13a-76" it also stands for the proposition that they "may be evidence which would sustain a finding that the remaining land has suffered a decrease in market value which was foreseeable and which was the proximate result of the taking." Transportation Plaza Associates v.CT Page 481Powers, 203 Conn. 364, 379, n. 4, 525 A.2d 68 (1987).
As to his argument regarding the court's lack of jurisdiction over the claims of the third count, the plaintiff has cited no authority. Contrary to the plaintiff's claim, the third count does not allege an unauthorized entry on the defendant's property. Rather it simply re-alleges the facts concerning the condemnation alleged in count one. The third count may be redundant, but it does not appear to be outside the court's subject-matter jurisdiction. Moreover, to the extent the trier of fact concludes that the defendant is seeking, through this count, something other than a reassessment of damages, see Munson v. MacDonald,113 Conn. 651, 660-61, 155 A. 910 (1931), the trier does not have to consider that claim.
For the foregoing reasons, the motion to dismiss the second and third counts is denied. However, the prayer for relief seeking the award of attorney's fees is stricken.
Linda K. Lager, Judge